PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTONE RAYMOND AUSTIN,

    Defendant-Appellant.

No. 04-1387

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 04-CR-32-RB)**

---

John A. Chanin, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Martha Ann Paluch, Assistant United States Attorney (William J. Leone, Acting United States Attorney, and Philip A. Brimmer, Assistant United States Attorney, with her on the briefs), Denver, Colorado, for Plaintiff-Appellee.

---

Before **SEYMOUR,** Circuit Judge, **BRORBY**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

---

**BRORBY**, Senior Circuit Judge.

---

Appellant Antone Raymond Austin pled guilty to one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). He appeals the enhancement of his sentence based on his prior Colorado conviction for sexual assault on a child, which he contends the district court improperly characterized as a crime of violence, in violation of the Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, affirm in part, and remand in part.

## I. Background

In his plea agreement, Mr. Austin agreed to plead guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), but disputed the government's contention his sentence should be increased based on his prior Colorado state conviction for "Attempted Sexual Assault on a Child" under Colorado Revised Statute § 18-3-405(1), which he asserted did not constitute a "crime of violence" as proscribed by United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.) § 2K2.1(a)(2) and defined under U.S.S.G. § 4B1.2 and its commentary. The probation officer who prepared the presentence report nonetheless recommended a base offense level increase of four levels, from 20 to 24, based on the prior Colorado conviction, which he characterized as a "crime of

violence" but also noted involved a legal issue for the court to determine. Prior to the sentencing hearing, the Supreme Court issued its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). Thereafter, in objecting to the presentence report, Mr. Austin again objected to the characterization of his prior conviction as a "crime of violence" and, in light of *Blakely,* also objected to the mandatory application of the Sentencing Guidelines in determining his sentence.

The district court held a sentencing hearing at which it denied Mr. Austin's objections to the mandatory application of the Sentencing Guidelines and the characterization of his prior state conviction as a "crime of violence." Rather than considering any of the alleged facts underlying the prior conviction as contained in the presentence report and an affidavit submitted in the state case,[1] the district court instead considered only the statutes involved and the charging documents, including Mr. Austin's admissions at his state court plea and sentencing hearing, to determine if his prior conviction met the definition of a

---

[1] Initially, the government asked us to consider several inculpatory assertions in the arrest warrant affidavit and similarly directed us to a later pretext telephone call in which Mr. Austin allegedly made inculpatory statements. However, in light of the Supreme Court's decision in *Shepard v. United States*, ___ U.S. ___, 125 S. Ct. 1254 (2005), the government now withdraws its request we consider these "facts" and, like the district court, we will not consider factual accusations underlying a prior conviction to which a defendant has not admitted. *Id.* at 1263.

"crime of violence" under U.S.S.G. §§ 2K2.1 and 4B1.2.

The statute to which Mr. Austin pled guilty, Colorado Revised Statute § 18-3-405(1), is titled "Sexual assault on a child" and states: "[a]ny actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim." Under Colorado law "sexual contact" is defined as:

> [T]he knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse.

Colo. Rev. Stat. § 18-3-401(4). A corresponding statute entitled "Unlawful sexual contact" states:

> Any person who knowingly, with or without sexual contact, induces or coerces a child by any of the means set forth in section 18-3-402 to expose intimate parts or to engage in any sexual contact, intrusion, or penetration with another person, for the purpose of the actor's own sexual gratification, commits unlawful sexual contact. For the purposes of this subsection (1.5), the term "child" means any person under the age of eighteen years.

See Colo. Rev. Stat. § 18-3-404(1.5). In addition, in Colorado, consent of both parents is required for a person under the age of eighteen to marry, and a person must be eighteen years of age to be competent to contract, manage his or her

estate, sue and be sued, and make decisions regarding his or her own body.  *See* Colo. Rev. Stat. § 14-2-106 (regarding parental consent) and § 13-22-101 (concerning age of competency).

The formal charging document or "information" to which Mr. Austin pled guilty charged him with a class 4 felony for subjecting another person to "sexual contact" when that person was less than fifteen years old and Mr. Austin was at least four years older.  During Mr. Austin's state plea and sentencing hearing, he pled guilty to attempted sexual assault on a child, a class 5 felony, and made the following admissions:  1) he touched the child's vagina; 2) she was at a slumber party with his sister; 3) he knew what he was doing at the time; 4) he was not married to the girl; 5) she was less than fifteen at the time; 6) he was at least four years older than the girl; and 7) he touched her vagina for his own sexual gratification.

The district court considered the applicable statutes, charging document, and Mr. Austin's admissions in light of the applicable Sentencing Guidelines definition of a "crime of violence," which, under U.S.S.G. § 4B1.2, states:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of

physical force against the person of another, or

(2) ... otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1) and (2). In addition, it recognized that commentary note 1 to § 4B1.2 states a "crime of violence" includes "forcible sex offenses." U.S.S.G. § 4B1.2 cmt. n.1.

In applying this definition, the district court acknowledged attempted sexual assault on a child under Colorado Revised Statute § 18-3-405(1) does not have as an element the use, attempted use, or threatened use of physical force against the victim, or constitute a "forcible sex offense" as specifically enumerated. However, it found the crime, both "[o]n this record" and "given the available case law," presented a serious potential risk of physical injury to the victim and therefore constituted a "crime of violence" within the meaning of § 4B1.2(a)(2).

After determining Mr. Austin's Colorado conviction met the definition of a "crime of violence," the district court refused to grant Mr. Austin's motion for a downward departure under U.S.S.G. § 5K2.0, stating it did not "find that the defendant or his concomitant circumstances, including but not limited to his criminal history, constitute or qualify as mitigating circumstances of a kind or to a

degree not adequately considered by the Sentencing Commission in formulating the apposite guideline, citing guideline section 5K2.0 and 18 U.S.C. section 3553(b)." It held that "under the analysis provided by the United States Supreme Court in *Koon* [*v. United States*, 518 U.S. 81 (1996)], ... this case is simply not such an atypical case where a particular guideline linguistically applies, but where the conduct significantly differs from the norm." In denying the motion, the district court judge also determined Mr. Austin committed two serious prior felony offenses, and that his "subsequent record convinces me that he has a philosophy that evinces a disturbing disrespect for the law, and one that includes a propensity to illegally arm himself with deadly weapons." The district court then calculated Mr. Austin's Sentencing Guidelines range at eighty-four to 105 months imprisonment and, at the government's request, imposed a sentence at the bottom of the range at eighty-four months.

Mr. Austin now appeals his sentence on grounds the district court erred in characterizing his prior conviction as a "crime of violence" and mandatorily applying the Sentencing Guidelines to determine his sentence. The government concedes the district court erred in mandatorily sentencing Mr. Austin under the applicable Sentencing Guidelines, but nevertheless continues to contend Mr. Austin committed a "violent crime" under the "otherwise ... risk of physical

injury" prong of the § 4B1.2 definition.

## II. Discussion

### A. Arguments Concerning Characterization of Prior Conviction

In contesting the characterization of his prior conviction as a "crime of violence," Mr. Austin suggests Colorado Revised Statute § 18-3-405(1) is ambiguous as to whether he committed a violent crime because it covers both invasive and noninvasive sexual assault conduct. He bases this premise on the fact the statute contains as an element "sexual contact," which includes the mere touching of a child's intimate parts through "clothing" and which, he contends, does not otherwise "involve conduct which presents a serious potential risk of physical injury" to another. In addition, Mr. Austin contends lack of consent cannot be considered because it is not an element of § 18-3-405(1). While Mr. Austin acknowledges he admitted at his plea hearing to touching the minor girl's vagina, he insists we should only apply a "least culpable" act test and assume he did the least culpable act possible for conviction under the statute, which would involve the mere consensual touching of a young girl's clothing covering her intimate parts. Mr. Austin further suggests, without supporting evidence in the charging document or in his admissions, that the facts in this case establish the age difference between himself and the girl involved was "just barely over ... four

years" and that the conduct "was somewhat consensual in nature." Mr. Austin further asserts no "aggravating" circumstances warrant characterizing his conduct as a "crime of violence" because the victim was not under the age of twelve, the act did not involve incest, and he was not an adult family friend or relative. As an example, he suggests the situation was like "two teenagers in the same high school engaging in consensual touching of the clothing covering the girl's intimate parts" which, he contends, would certainly not constitute a "crime of violence." Finally, he contends the government failed to carry its burden in offering medical or statistical evidence to show a girl of fourteen, or almost fifteen, could be physically injured by sexual contact involving the mere touching of her intimate parts through her clothing.

The government relies on this and other circuit court precedent to urge us to make a *per se* determination that, by its nature, the statutory conduct for which Mr. Austin pled guilty constitutes a "crime of violence" or, alternatively, that his factual admissions establish he committed a "crime of violence." Based on Mr. Austin's own admissions, the government contends he committed a "crime of violence" and contests his characterization of the offense as "consensual" and involving the mere touching of the "clothing" covering the girl's intimate parts. It also points out that the "least culpable" analysis suggested by Mr. Austin would

be warranted only in situations where the statutory definition, charging documents, and defendant's admissions are all ambiguous.

B.  Law Regarding Categorical Characterization of Prior Conviction

During Mr. Austin's appeal, the Supreme Court issued *United States v. Booker*, which applies its ruling in *Blakely* to the Federal Sentencing Guidelines. 543 U.S. at ___, 125 S. Ct. at 755-76.  In *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005), we held that under *Booker* the government is not required to charge in an indictment or prove to a jury either:  1) the existence of prior convictions; or 2) their classification as "violent felonies."  *Id.* at 1221, 1224-25 & n.2.  As to the existence of a prior conviction, *Booker* expressly reaffirms the Supreme Court's holding a prior conviction is an exception to factual jury submissions by stating, "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Booker*, 543 U.S. at ___, 125 S. Ct. at 756 (emphasis added).  Thus, Mr. Austin does not contend the "fact" of his prior conviction needed to be included in the indictment or submitted to a jury. *See Moore*, 401 F.3d at 1224.

Similarly, with respect to the characterization of prior convictions as crimes of violence, we have determined it involves a question of law and not fact and therefore does not implicate the Sixth Amendment for the purpose of requiring the characterization of the offense to be charged in the indictment and proven to a jury. *See Moore*, 401 F.3d at 1224-26 & n.2. However, when a defendant contests whether his prior conviction is a "crime of violence," we have held that the trial court is generally required to take a categorical approach by looking only to the fact of the conviction and the statutory definition of the prior offense. *See United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004) (relying on *Taylor v. United States,* 495 U.S. 575, 602 (1990)). When the statute "reaches behavior that may or may not encompass conduct that constitutes a crime of violence," we have held an exception exists allowing the district court to "look to the charging paper and judgment of conviction in order to determine if the actual offense the defendant was convicted of qualifies as a crime of violence." *Id.* at 782-83 (quotation marks and citations omitted). The categorical approach allows the sentencing court to examine sources of undisputed information rather than conduct a fact finding inquiry, thereby sparing it from conducting mini-trials on prior offenses which have already been adjudicated. *See United States v. Damon*, 127 F.3d 139, 145 (1st Cir. 1997).

Since our decision in *Hernandez-Rodriguez* and the Supreme Court's decisions in *Taylor, Blakely*, and *Booker*, the Supreme Court has looked at the categorical approach and exceptions thereto in the context of situations where, like here, the defendant pled guilty to a prior offense. *See Shepard*, ___ U.S. at ___, 125 S. Ct. at 1258-59. In determining whether a prior offense qualifies as a crime of violence, it explained a court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 1257.

Here, the categorical approach begins with an examination of Colorado Revised Statute § 18-3-405 and its corresponding statutes and, under such an approach, we determine whether a conviction thereunder constitutes a "crime of violence" as defined under § 4B1.2. "We review the district court's interpretation of the Sentencing Guidelines *de novo*." *United States v. Herrera-Roldan*, 414 F.3d 1238, 1240 (10th Cir. 2005) (citing *United States v. Castro-Rocha*, 323 F.3d 846, 848-49 (10th Cir. 2003)). If the statute of conviction is ambiguous, covering both violent and nonviolent crimes, we rely on the charging documents, as identified in *Shepard*, to assist in the determination, which in this case include Mr. Austin's admissions at the plea and sentencing hearing.

We agree with the district court that § 18-3-405 does not contain the elements outlined in § 4B1.2 because it does not require the "use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2 cmt. n.1. The government also does not suggest Mr. Austin's statutory or admitted conduct fits within the expressly enumerated example of "forcible sex offenses" and therefore we do not address it.[2] Rather, both parties concentrate on the second prong of § 4B1.2 to determine whether Mr. Austin's prior conviction "otherwise involve[s] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

## C. Tenth Circuit Court Precedent

In asking us to make a *per se* determination that the nature of the crime at

---

[2] While the government does not specifically contend Mr. Austin's conduct meets the enumerated definition of "forcible sex offenses," it nevertheless directs our attention to *United States v. Munguia-Sanchez*, 365 F.3d 877, 880, 882 (10th Cir.), *cert. denied*, 125 S. Ct. 133 (2004). In that decision, we determined sexual assault or abuse of a child of twelve fits the specially enumerated example of a "crime of violence" for "forcible sex offenses," including "sexual abuse of a minor," regardless of whether consent or the element of physical force was involved *Id.* at 881-82. We note *Munguia-Sanchez* involved a child of twelve, and that the § 2L1.2 definition of a "crime of violence," unlike § 4B1.2, contains both the enumerated examples of "forcible sex offenses" and "sexual abuse of a minor." In addition, since 2001, § 2L1.2 no longer contains the "otherwise" language in the second prong of § 4B1.2 concerning the potential risk of physical injury. *Compare* U.S.S.G. § 2L1.2 cmt. n.1 (2000), *with* U.S.S.G. § 2L1.2 cmt. n.1 (2001) (omitting definition reference to § 4B1.2).

issue, sexual contact with a child under the age of fifteen, is inherently a "crime of violence," the government relies on an array of Tenth Circuit cases, including *United States v. Coronado-Cervantes*, 154 F.3d 1242 (10th Cir. 1998); and *United States v. Reyes-Castro*, 13 F.3d 377 (10th Cir. 1993). In *Reyes-Castro*, this court determined attempted sexual abuse of a child under the age of fourteen is a "crime of violence," as defined by 18 U.S.C. § 16, because "when an older person attempts to sexually touch a child under the age of fourteen, there is always a *substantial risk that physical force* will be used to ensure the child's compliance." *Id.* at 379 (emphasis added). In that case, the Utah statute at issue stated a person commits sexual abuse of a child by the touching of "the anus, buttocks, or genitalia of any child, the breast of a female child younger than fourteen years of age, or otherwise takes indecent liberties with a child ... with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant." *Id.* at 378-79 (quoting Utah Code Ann. § 76-5-404.1(1)). Another Utah statute on which the court relied stated that sexual abuse of a child under the age of fourteen is without consent. *Id.* at 379 (relying on Utah Code Ann. § 76-5-406). Rather than applying § 4B1.2, which is at stake here, *Reyes-Castro* involved application of 18 U.S.C. § 16, which also defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another" but, rather than the risk of physical

injury in § 4B1.2, it considers whether the crime "*involves a substantial risk that 'physical force' against the person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 16 (emphasis added).

In *Coronado-Cervantes*, the defendant admitted, in part, to knowingly engaging in sexual contact with a girl under the age of twelve by intentionally touching her genitalia, anus, groin, breast, inner thigh, and buttocks with an intent to gratify his sexual desires. 154 F.3d at 1243. The defendant pled guilty to three federal sex statutes which we determined did not have as an element the use, attempted use, or threatened use of physical force. *Id.* at 1243-44. However, we held the prior conviction met the "otherwise" prong of § 4B1.2 and constituted a "crime of violence." *Id.* at 1244-45. In so holding, we noted that "[e]very published appellate decision which has considered applying the 'otherwise' clause in the context of sexual offenses involving minors has found a 'serious potential risk of physical injury' to the minors ... and has held that the offenses at issue are 'crimes of violence.'" *Id.* at 1244 (citations omitted). While we recognized a distinction exists between 18 U.S.C. § 16 and U.S.S.G. § 4B1.2, we nevertheless found the reasoning employed in *Reyes-Castro* "persuasive" in determining the conduct to which the defendant pled guilty, by its nature, presented an "otherwise ... serious potential risk of physical injury" and constituted a "crime of violence."

*Id.* at 1244-45.

Mr. Austin argues *Reyes-Castro* and *Coronado-Cervantes* are both distinguishable. As he points out, *Reyes-Castro* involved an incestuous act by the defendant who sexually abused his own twelve-year-old daughter, *see* 13 F.3d at 378; and *Coronado-Cervantes,* 154 F.3d at 1243, similarly pertained to a child under the age of twelve, and not of fourteen, as Mr. Austin contends was the age of his victim. 154 F.3d at 1243. Admittedly, these distinctions exist, but we note our categorical approach in *Reyes-Castro* involved consideration of a Utah statute which addressed minors under fourteen, not twelve, and did not specifically address incest. 13 F.3d at 379. In fact, we have held support exists "in classifying sexual abuse of a minor, regardless of [the aggravating factor of] incest, as a crime of violence." *United States v. Passi*, 62 F.3d 1278, 1282 (10th Cir. 1995). Moreover, in both cases the statutes at issue are very similar to the statute of conviction at issue here as they prohibit the touching of a minor's private parts in a sexual way, and we determined in those two cases that the defendants' conduct in touching the girls' private parts, which is similar to Mr. Austin's admitted conduct, constituted "crimes of violence" under those statutes. *See Coronado-Cervantes*, 154 F.3d at 1243; *Reyes-Castro*, 13 F.3d at 378-79.

However, as Mr. Austin suggests, both cases rely on 18 U.S.C. § 16, which defines a "crime of violence" differently than U.S.S.G. § 4B1.2. In explaining the differences, we have determined the § 4B1.2(a)(2) definition involving the "risk of resulting *physical injury*" is much broader than the § 16(b) definition involving the "risk of *physical force* ... in the course of committing the offense," which we held requires "destructive or violent force." *See United States v. Venegas-Ornelas*, 348 F.3d 1273, 1275-77 & n.2 (10th Cir. 2003), *cert. denied*, 125 S. Ct. 494 (2004). In *United States v. Lucio-Lucio*, 347 F.3d 1202, 1207 (10th Cir. 2003), we explained the failure to recognize the difference between § 16 and § 4B1.2 would "collapse the distinction between these two differently-worded definitions." Thus, Mr. Austin directs us to consider only whether his conduct presented a serious potential risk of *physical injury* under § 4B1.2 and not rely on cases considering the risk of *physical force* under § 16.

The government counters by pointing out that this court has repeatedly held § 16 cases provide persuasive value in § 4B1.2 sexual abuse cases. In support, it relies not only on *Coronado-Cervantes*, but *United States v. Vigil*, 334 F.3d 1215 (10th Cir.), *cert. denied*, 540 U.S. 1026 (2003). In *Vigil*, we held a father's sexual penetration of his eighteen-year-old daughter constituted a crime of violence under § 4B1.2. *Id.* at 1217, 1224. In that case, we also relied on cases

-17-

involving the 18 U.S.C. § 16 definition of a crime of violence, noting the difference but relying on the underlying reasoning. 334 F.3d at 1221-22. Besides determining incest was an aggravating factor that evoked a serious potential risk of physical injury, we also alluded to risk factors such as pregnancy and venereal disease. *Id.* at 1222-23. We determined the "risk" of physical injury to the child under § 4B1.2 means "potential" rather than "actual" risk, so under a categorical approach, certain statutorily-defined sexual abuse conduct, by its nature, poses a serious risk of physical injury. *Id.* at 1223. Finally, we concluded: 1) "the possibility of factual consent does not obviate the risk of physical injury"; and 2) "when considering the relationship between lack of consent and the risk of physical injury, the age of the victim is immaterial." *Id.* at 1223-24.

In focusing on § 4B1.2 and the risk of physical injury prong, the government directs us to *United States v. Rowland*, 357 F.3d 1193 (10th Cir. 2004); and an unpublished opinion, *United States v. Daniels*, 41 Fed. Appx. 298 (10th Cir. May 20, 2002) (unpublished op.), *cert. denied*, 537 U.S. 1140 (2003). In *Rowland*, we determined sexual battery under Oklahoma law constituted a "crime of violence," because it met the "otherwise" prong of § 4B1.2. 357 F.3d at 1198. In that case, the Oklahoma statute at issue defined sexual battery as "the intentional touching, mauling or feeling of the body or private parts of any person

sixteen (16) years of age or older, in a lewd and lascivious manner and without the consent of that person." *Id.* at 1195. We rejected the defendant's argument that mere nonconsensual touching of an arm or leg in a lewd or lascivious manner could not entail either violence or a serious potential risk of injury, noting the Oklahoma statute made such nonconsensual touching of any body part a sexual battery and therefore a "crime of violence." *Id.* at 1196-98. Relying on our decision in *McCann v. Bryon L. Rosquist, D.C.*, 185 F.3d 1113 (10th Cir. 1999), *cert. granted, judgment vacated on other grounds*, 529 U.S. 1126 (2000), we explained that lack of consent to physical sexual abuse, which we held in that case implicated a substantial risk of physical force, could similarly implicate a serious risk of physical injury under § 4B1.2. *Id.* at 1197-98. We further determined "the possibility that a crime may be completed without injury is irrelevant to the determination of whether it constitutes a crime of violence within the meaning of § 4B1.2," and held "the serious risk of bodily injury is a constant in cases involving sexual battery." *Id.* at 1198.

Comparing the underlying statutory elements in this and the *Rowland* case, it is clear the instant case contains more "aggravating" elements than *Rowland* because the victim here was at least two years younger than the victim in *Rowland*, and the Colorado statutes at issue pertain to the touching of a minor's

-19-

*intimate parts*, not merely any *body parts*, as did the Oklahoma statute. Given we held in *Rowland* that the nonconsensual touching of any body part of a person sixteen years of age or older may entail a serious risk of physical injury under § 4B1.2, we find it difficult to reconcile that the touching of the intimate parts (which in this case was the victim's vagina) of someone less than fifteen years old would not likewise potentially cause a risk of physical injury. While Mr. Austin points out that *Rowland* was based, in part, on lack of consent, we discern little difference because Colorado has determined eighteen to be the age of consent; therefore, under its statutes, a person under the age of fifteen cannot consent. *See* Colo. Rev. Stats. § 18-3-404(1.5) (stating that for sexual assault cases "child" means any person under the age of eighteen); § 14-2-106 (regarding parental consent required for marriage under the age of eighteen); and § 13-22-101 (identifying eighteen as age of competency).

The government also asks us to consider our unpublished opinion in *United States v. Daniels*, in which this court determined that a prior conviction under the same Colorado statutes at issue here constituted a "crime of violence" under § 4B1.2. 41 Fed. Appx. at 301. In this circuit, unpublished orders are not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel, and we have generally determined that citation to unpublished

-20-

opinions is not favored. *See* 151 F.R.D. 470 (10th Cir. 1993) (containing General Order of November 29, 1993); 10th Cir. R. 36.3. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow citation to that decision. *Id.*

While *Daniels* may lack precedential value, it nevertheless has some persuasive value. Like Mr. Austin, Mr. Daniels asserted his prior conviction under the identical Colorado statute could not constitute a crime of violence because his conviction involved "sexual contact," and such contact with a child under the age of fifteen does not present a risk of physical injury. 41 Fed. Appx. at 300. In rejecting Mr. Daniels's argument, we examined our decision in *Coronado-Cervantes*, concluding it was analogous and took the "common sense approach" that "by *its very nature*, the act of engaging in sexual contact with a minor presented a serious potential risk of injury to [the] victim and thus should be considered a crime of violence under U.S.S.G. § 4B1.2." *Id.* (quotation marks and citation omitted). More persuasively, we explained:

> By statute, the State of Colorado has defined a person under the age of eighteen variously as a child or a person incapable of consent. In crafting § 18-3-405, the Colorado legislature has purposefully chosen to further protect a more narrow group, children under the age of fifteen. In doing so they recognized the risks present in non-consensual contact with a child fourteen or younger.

*Id.* at 300-01 (footnote omitted).

The government also directs us to our decision in *McCann* for the purpose of discussing the injuries sustained by either minors or adults experiencing sexual abuse. 185 F.3d at 1120. In that case, we discussed not only the requisite physical force required by 18 U.S.C. § 16, but the resulting injuries of sexual abuse caused by the inappropriate fondling and rubbing of nonconsenting adult women's buttocks, breasts, and genital areas, both clothed and unclothed, stating, "the imposition of nonconsensual sexual contact, whether brought about by brute force or ... by trick and abuse of authority, might itself be considered a form of violence, capable of causing mental and emotional injury no less severe than the physical injury caused by a blow." *Id.* at 1115, 1120. We further determined that such an act, "by its nature evinces a clear intention to disregard the victim's dignity and bodily autonomy" and "creates a substantial risk of more serious physical intrusion ...." *Id.* at 1120.

## D. Other Circuit Precedent

Having discussed relevant Tenth Circuit decisions, both parties direct us to decisions of other circuits in support of their arguments. The government relies, in part, on decisions pertaining to § 16 and the risk of use of physical force.

Because of our previous concerns with "collapsing the distinction" between the differently-worded definitions in 18 U.S.C. § 16 and U.S.S.G. § 4B1.2, *see Lucio-Lucio*, 347 F.3d at 1207, we find those cases less persuasive than those involving § 4B1.2, but nevertheless recognize their general consensus that sexual abuse in touching a minor inherently, or by its nature, constitutes a crime of violence because it involves a risk of substantial physical force. *See United States v. Alas-Castro*, 184 F.3d 812, 813-14 (8th Cir. 1999) (pertaining to sexual contact through the touching of the intimate parts or the clothing covering the intimate parts of one fourteen or younger by one nineteen or over for sexual gratification); *United States v. Velazquez-Overa*, 100 F.3d 418, 421-23 (5th Cir. 1996) (regarding sexual contact with a child under the age of seventeen); *Ramsey v. INS*, 55 F.3d 580, 583-84 (11th Cir. 1995) (concerning handling, fondling, or assault of a child under the age of sixteen in a lewd, lascivious, or indecent manner). *See also United States v. Rodriguez*, 979 F.2d 138, 140-41 (8th Cir. 1992) (concerning the fondling or touching of a minor child's pubes or genitals by one eighteen or older).

On the other hand, as the government points out and we acknowledged in *Coronado-Cervantes*, 154 F.3d at 1244, other circuits have also specifically applied the § 4B1.2 definition to determine that sexual abuse in touching a minor,

by its nature, or inherently, presents a serious risk of *physical injury* and thereby constitutes a "crime of violence,"[3] which we find more persuasive than those circuit decisions involving § 16. Since our determination in *Coronado-Cervantes*, at least four more circuits have considered the § 4B1.2 definition and continued to conclude that sexual abuse through the inappropriate touching of a minor presents a serious risk of physical injury and thereby constitutes a "crime of violence." *See, e.g., United States v. Granbois*, 376 F.3d 993, 995-96 (9th Cir.) (determining conviction under federal statute prohibiting sexual contact, including the touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of a child between the ages of twelve and sixteen by one at least four years older, is *per se* an offense which presents a serious potential risk of physical injury to another, and basing its determination on prior precedent that regardless of which Sentencing Guidelines definition of violent crime is involved, sexual contact with a minor falls within the category of a "crime of violence"), *cert. denied*, 125 S. Ct. 640 (2004); *United States v. Pierce*, 278 F.3d 282, 287-89 (4th Cir. 2002) (holding conviction under North Carolina

---

[3] In *Coronado-Cervantes*, the cases we relied on included *United States v. Meader*, 118 F.3d 876, 881, 885 (1st Cir. 1997); *United States v. Kirk*, 111 F.3d 390, 394-95 (5th Cir. 1997); *United States v. Shannon*, 110 F.3d 382, 387 (7th Cir. 1997) (*en banc*); *United States v. Taylor*, 98 F.3d 768, 772, 774 (3d Cir. 1996); *United States v. Wood*, 52 F.3d 272, 275, 277 (9th Cir. 1995); and *United States v. Bauer*, 990 F.2d 373, 375 (8th Cir. 1993) (*per curiam*).

statute which prohibits any lewd or lascivious act on any body part of a child age sixteen or under by another at least five years older is by its nature a "crime of violence" given, in part, the legislature's intent to protect impressionable children from psychological injury or damage from overt sexual acts); *United States v. Campbell*, 256 F.3d 381, 396-97 (6th Cir. 2001) (concluding conviction under Michigan statute for sexual contact with a person age thirteen to sixteen of the same blood affinity presents a serious potential risk of physical injury even though crime could occur through mere consented touching); and *United States v. Sherwood*, 156 F.3d 219, 221 (1st Cir. 1998) (holding conviction under Rhode Island statute prohibiting "sexual contact," which includes the intentional touching of the victim's intimate parts, clothed or unclothed, for sexual arousal, gratification, or assault, constituted a "crime of violence").

Similarly, at least one circuit has determined sexual assault of a minor of a particular age constitutes a "crime of violence" under 18 U.S.C. §§ 924(c) and 924(e), which, like § 4B1.2, also define a "crime of violence" and "violent felony" as those crimes that present a serious potential risk of physical injury to another. *See United States v. Mincks*, 409 F.3d 898, 900 (8th Cir.) (holding prior conviction for second-degree statutory sodomy under Missouri statute prohibiting someone twenty-one years of age or older from deviate sexual intercourse with

another person who is less than seventeen years of age is categorically a "crime of violence" under § 924(e)(1)), *petition for cert. filed* (Aug. 30, 2005) (No. 05-6149).

However, as Mr. Austin contends, a few circuits have questioned whether sexual assault on a minor of a particular age constitutes a "crime of violence" under U.S.S.G. § 4B1.2 or a "violent felony" under 18 U.S.C. § 924(e). In those cases, the courts have refused to adopt a *per se* or bright line test but appear to prefer a case-by-case determination, considering all aggravating factors, including the specific age of the child, the risk of injury to a minor of that age, and the age difference between the minor and the perpetrator. For instance, in *United States v. Houston*, the Fifth Circuit examined a Texas statute prohibiting contact with or penetration of the sexual organ of a child under the age of seventeen with the mouth, anus, or sexual organ of another, and the fact that being not more than three years older than the victim was an affirmative defense. 364 F.3d 243, 247 (5th Cir. 2004). It concluded sexual intercourse between a twenty-year-old male and a female one day under seventeen, free of aggravating circumstances such as the victim's lack of consent or the offender's use of violence, does not present a serious potential risk of physical injury under § 4B1.2. *Id.* at 247-48. Obviously, in the instant case, we have the aggravating circumstance of a victim who is at

least two years younger than the victim in *Houston* and who, by statute, cannot be deemed to have consented, together with a perpetrator at least four years older than the victim, rather than someone only three years older, as in *Houston*.

In *United States v. Thomas*, the Seventh Circuit determined the government failed to provide medical or other evidence to establish any risk of physical injury, as required under § 924, in a case involving a defendant convicted under an Illinois statute prohibiting sexual intercourse with a woman under the age of seventeen and more than five years younger than the man. 159 F.3d 296, 298-99 (7th Cir. 1998). While the court recognized that the age difference between the victim and perpetrator may be an aggravating factor and noted the risk of injury through sexually transmitted disease or pregnancy, it determined the government failed to cite any authority to establish such a risk. *Id.* at 299-300. Similarly, in *United States v. Sacko*, the First Circuit considered the § 924 definition of a "crime of violence," together with a Rhode Island statute prohibiting sexual penetration by one over the age of eighteen of a person over the age of fourteen but under the age of consent, which is sixteen. 178 F.3d 1, 2 (1st Cir. 1999). Concerned with the physical injury which may occur depending on the various age characteristics, it remanded the case for the district court to take evidence on the issue of whether the crime of sexual penetration of a fourteen-year-old by

-27-

someone over the age of eighteen involves conduct presenting a serious potential risk of injury. 178 F.3d at 6. We note both *Sacko* and *Thomas* were decided prior to *Shepard* and therefore they do not discuss whether the admission of evidence concerning the general risk of injury to minors is outside the evidence allowed when examining a prior conviction. 125 S. Ct. at 1257.

Finally, in *Shannon*, the defendant was convicted for second-degree sexual assault under a Wisconsin law prohibiting either sexual contact or intercourse with a person under the age of sixteen. 110 F.3d at 384. In that case, the charging documents disclosed the seventeen-year-old defendant had intercourse with his thirteen-year-old victim. *Id.* at 384. After noting the government's concession that "the goals behind laws forbidding sex with minors are various and need not include the goal of protecting the minor from a serious risk of physical injury," the Seventh Circuit declined to impose a *per se* "crime of violence" rule. *Id.* at 386. Instead, it looked beyond the statute at issue to the charging document to consider the aggravating factors involved in that particular case. Those factors included the fact the defendant had actual intercourse with a child who was only thirteen and unlikely to fully appreciate the disease and fertility risks of intercourse or have accurate knowledge of contraceptive and disease-preventive measures; who lacked the maturity to make a rational comparison of the costs and

benefits of premarital intercourse or to take good care of herself and her fetus; and who would otherwise constitute a high-risk pregnancy if impregnated. *Id.* at 387-88. Stating that "statutory rape is more often thought of as a 'morals offense' than as a 'crime of violence,'" it nevertheless determined the aggravating factors involved in the case established the risk of physical injury which, under § 4B1.2, would constitute a "crime of violence." *Id.* at 388-89. In explaining its rationale, the court recognized that the statute at issue also covered "sexual contact, which can be as noninvasive as fondling a breast or buttock through clothing," which, it stated, "might disturb a young person, but ... would be highly unlikely to cause physical injury." *Id.* at 387.

It is the latter determination in *Shannon* on which Mr. Austin relies in arguing his prior conviction for mere consensual touching of the clothing covering his victim's intimate parts cannot constitute a "crime of violence." However, when this court decided *Rowland*, we exhaustively discussed the Seventh Circuit's decision in *Shannon*, noting it was instructive but not controlling, and explaining the distinguishing factors involved, including the fact the court in *Shannon* did not consider the "goals or grounds" behind the passage of the Wisconsin statute, but looked beyond it to the charging document involved and what it considered aggravating circumstances. *See* 357 F.3d at 1196-98. *See*

*also Sherwood*, 156 F.3d at 222 (explaining the Seventh Circuit, in *Shannon,* "did not hold that sexual touching could not constitute a 'crime of violence,'" and explaining "the contrasting views of the Seventh Circuit judges merely evidence the troubling and complex issues involved in determining what crimes constitute 'crimes of violence'").

### E. Application of Law to Instant Case

With the exception of the few circuit court decisions favoring Mr. Austin's position, and without delving further into the underlying rationale of the other decisions discussed, it is clear the weight of our and other circuits' decisions favors the government's position that sexual abuse of a statutorily-protected, specific age group of minors, including abuse through sexual contact, is generally, by its nature, considered a "crime of violence." Regardless of our own beliefs about whether the touching of a fourteen-year-old's intimate parts by a person at least four years older is a "crime of violence," we are bound by our clear precedent[4] in *Rowland*, 357 F.3d at 1197-98, where we determined a prior

---

[4] While admittedly the four decisions on which Mr. Austin primarily relies and which focus on aggravating factors provide persuasive value, we are bound to follow our court precedent, absent *en banc* reconsideration or a superceding contrary decision by the Supreme Court. *See Tootle v. USDB Commandant*, 390 F.3d 1280, 1283 (10th Cir. 2004); *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (*per curiam*); *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990).

conviction for the nonconsensual touching of the body parts of a victim over the age of sixteen, as prohibited by state statute, created a risk of physical injury under § 4B1.2. Arguably then, our only categorical determination in this case, as posed by Mr. Austin, would be whether the mere touching of a minor child's "clothing" covering her intimate parts could pose a serious risk of physical injury for the purposes of § 4B1.2.[5] Such an inquiry is of first impression in this court and would no doubt require reconciling this case with our decision in *McCann*, where we held nonconsensual sexual touching of the clothing covering even an adult's intimate parts could cause mental and emotional injury. 185 F.3d at 1115, 1120.

However, we need not make any such determination in the instant case. Even if we agree with Mr. Austin that the statute of conviction covers a nonviolent crime because it includes the touching of "clothing" covering a child's intimate parts, Mr. Austin's prior conviction still meets the definition of a "crime of violence" based on his admissions at his plea and sentencing hearing, which presented aggravating circumstances beyond what he terms the "least culpable"

---

[5] As explained hereinafter, we need not determine whether the touching of the clothing covering a minor's intimate parts constitutes a "crime of violence," as Mr. Austin's admissions establish he did not merely touch the victim's clothing, but her vagina.

conduct under the statute of conviction.

Specifically, Mr. Austin's prior admissions show the encounter involved more than his description of two high school teenagers engaged in a provocative form of heavy petting including consensual sexual contact through the mere touching of the clothing covering the female's intimate parts. First, neither the charging document nor Mr. Austin's admissions disclose either his or the victim's exact ages, although we accept his assertion he was nineteen.[6] Mr. Austin's asserted age, together with his admissions at the plea hearing, clearly establish he pled guilty to attempted sexual assault; his victim was under the age of fifteen; he was at least four years older than the victim (and, at nineteen, was considered an adult under Colorado law); the act involved the actual physical touching of the minor girl's vagina (and not her clothing)[7] for his own sexual gratification; and

_____

[6] Just as we cannot consider underlying facts of the prior conviction which allege Mr. Austin penetrated his victim with more than his finger, we similarly cannot rely on Mr. Austin's allegations his victim was fourteen, as those facts are not contained in the charging documents or his admissions. We know only from his admission and the charging document that she was under the age of fifteen. We nevertheless accept his assertion he was nineteen, assuming he knew his own age at the time of the incident, and given he was not charged as a juvenile.

[7] Because Mr. Austin explicitly admitted to touching the child's vagina, without further qualifying his admission by stating he touched only her clothing, his argument that we should consider only the least culpable act of touching only her clothing is not well taken and is an impermissible attempt to reconstruct his own admission after the fact. Like his other admissions, we consider only the plain or literal meaning of the words spoken, which in this case is that he touched

she was with his sister for the purpose of attending a slumber party and not for a teenage sexual liaison. It is apparent that, because of his adult age, familial relationship with his sister, and the fact the slumber party involved his sister's friend, he was an adult family friend or at least enjoyed a position of trust which he abused when he sexually assaulted the minor girl. Clearly, when a girl under the age of fifteen attends something as innocent as a slumber party, no one expects her to experience sexual assault by someone at least four years her senior who goes beyond touching her clothing in a provocative, sexual way, to actual, physical sexual contact with her vagina for his own admitted sexual gratification.

Moreover, we must reject Mr. Austin's assertion the act was consensual, given Colorado has determined a person under the age of eighteen is incapable of such consent. Colo. Rev. Stats. §§ 13-22-101; 14-2-106; 18-3-404(1.5). In addition, our determination is bolstered by the commonly accepted determination that sexual abuse of children "typically occur[s] in close quarters and [is] generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also susceptible to acceding to the coercive power of adult authority figures." *United States v. Melton*, 344 F.3d 1021, 1028 (9th Cir. 2003), *cert. denied*, 541 U.S. 953 (2004); *Campbell,* 256 F.3d at 396; *Sherwood,*

_____

her vagina.

156 F.3d at 221; *Velazquez-Overa*, 100 F.3d at 422 (emphasis added). Thus, Mr. Austin's admissions disclose his conduct went beyond what he himself describes as the statute's most nonviolent conduct of consensual touching of the clothing covering the victim's intimate parts.

In addition, Mr. Austin fails to reconcile his argument the government must provide medical or other evidence that touching the vagina of a girl less than fifteen years old could cause physical injury with our precedent in *Rowland*, holding the mere nonconsensual touching of the body parts of a victim over the age of sixteen, as prohibited by state statute, created a risk of physical injury under § 4B1.2, *see* 357 F.3d at 1197-98, and our decision in *McCann* that nonconsensual sexual touching of even an adult is capable of causing mental and emotional injury. 185 F.3d at 1120. His argument the government must provide medical and statistical proof of injury also ignores the underlying discretion of each state's legislature to consider such information itself and reasonably decide the potential risk of injury based on a child's age and then to pass legislation to protect that category of minor victims from such injuries.[8] Moreover, none of the

_____

[8] This is evidenced not only by the statute under which Mr. Austin was convicted, which establishes a narrow group of children under the age of fifteen it intends to protect, but the fact that the Colorado legislature has deemed the age of consent to be eighteen, which is higher than many other states where courts have examined statutory law concerning sexual contact with a minor. *See, e.g.,*

Colorado statutes at issue require proof of injury for conviction, and to now require such proof would contravene those statutes and require a fact finding inquiry into a prior conviction instead of the required examination of undisputed information. *See Damon*, 127 F.3d at 145. Given we are not basing our determination solely on a categorical analysis of the statute, Mr. Austin's contention we must view statistical or medical evidence concerning the injurious impact of his past conduct goes beyond our limited scope, under *Shepard*, of examining only the charging documents and his admissions. 125 S. Ct. at 1257.

Finally, for the purposes of this case, we reject Mr. Austin's request we must employ what he calls the "least culpable" act test to assume he did the very least culpable act possible for conviction under the statute, which he contends involves the mere touching of the young girl's clothing over her intimate parts. It is clear that if we employed such a test to an ambiguous statute without

---

*Rowland*, 357 F.3d at 1195 (recognizing age of consent is sixteen under Oklahoma law); *Mugalli v. Ashcroft*, 258 F.3d 52, 60 n.9 (2d Cir. 2001) (noting age of consent in Arkansas is fourteen); *Sacko*, 247 F.3d at 22 n.1 (citing to statute which states age of consent in Rhode Island is sixteen); *Thomas*, 159 F.3d at 299 (explaining age of consent in Illinois is seventeen, while in the majority of states it is sixteen); *Shannon*, 110 F.3d at 405 (concurring/dissenting op.) (noting that sixty-eight percent of all states have set the legal age of consent at sixteen or higher, and that at least twenty-five states utilize a legal age of sixteen, four have set the legal age of consent at seventeen, and five others at eighteen); *Reyes-Castro*, 13 F.3d at 379 (explaining age of consent in Utah is fourteen).

consideration of the charging and related documents, our review of those documents and a defendant's admissions would be superfluous, because the least culpable act would always likely meet the nonviolent crime provision of any ambiguous statute. Thus, based on Mr. Austin's admissions, we decline to apply Mr. Austin's least culpable act test to the circumstances of this case to arrive at a final disposition of the issues.

For the foregoing reasons, we conclude Mr. Austin's prior conviction constitutes a "crime of violence" for the purpose of increasing his sentence under U.S.S.G. §§ 2K2.1 and 4B1.2.

## F.  Sentence Length

Because Mr. Austin raised his claim concerning the mandatory application of the Sentencing Guidelines during the district court proceedings, we review it for harmless error. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005). We have said that "[i]n non-constitutional harmless error cases, the government bears the burden of demonstrating, by a preponderance of the evidence, that the substantial rights of the defendant were not affected." *See United States v. Glover*, 413 F.3d 1206, 1210 (10th Cir. 2005).

In this case, Mr. Austin contends, and the government concedes, that despite Mr. Austin's *Blakely* objection at sentencing, the district court mandatorily applied the Sentencing Guidelines in determining his sentence length and then sentenced him at the bottom of the guidelines range. Given he was sentenced at the bottom of the range, the government summarily concedes our decision in *Labastida-Segura* dictates and Mr. Austin's sentence length must be remanded for consideration in light of both *Booker* and *Blakely*.

Because the burden of demonstrating harmless error is on the government in this case, and it has conceded such error, we are inclined to remand Mr. Austin's sentence to the district court for a determination under an advisory Sentencing Guidelines scheme as to the range and subsequent length of Mr. Austin's sentence in accordance with the Supreme Court's decision in *Booker*.

## III. Conclusion

For the foregoing reasons, we **AFFIRM** Mr. Austin's sentence with respect to his prior conviction constituting a "crime of violence" but otherwise **REMAND** his sentence for a determination in accordance with *Booker* and this decision.