**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 2, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff-Appellee,

v.

DARRELL EUGENE WASHINGTON,

　　　　　Defendant-Appellant.

No. 04-4050

District of Utah

(D.C. No. 1:02-CR-34-01-DB)

## ORDER AND JUDGMENT*

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

## I. Background

Appellant Darrell Washington was convicted by a jury of possessing with intent to distribute crack cocaine and possessing ammunition as a convicted felon

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1), respectively.

These convictions gave Mr. Washington a base offense level of 32 pursuant to the United States Sentencing Guidelines (U.S.S.G.). At the sentencing hearing, the district court adopted the findings of the pre-sentence report and determined that Mr. Washington should receive (1) a two-level "reckless endangerment during flight" enhancement for fleeing officers when they attempted to arrest him, and backing a car into a police vehicle, and (2) a three-level enhancement because he qualified as a "career offender" based on two prior felony convictions for crimes of violence. Mr. Washington did not object to the pre-sentence report. The district court accordingly assigned Mr. Washington a base offense level of 37 and, after determining that Mr. Washington fell into a criminal history category of VI, sentenced him to 360 months imprisonment, the low end of the range.

Mr. Washington filed an appeal on September 23, 2004, in which he argued that he should not be classified as a career offender because one of his prior felony convictions, unlawful sexual activity with a minor, is not a crime of violence. He also claimed that his sentence enhancement by the district court violated his Sixth Amendment right to a jury trial.

After briefs were submitted, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Court extended its decision in *Blakely v. Washington*, 542 U.S. 296 (2004), to the federal Sentencing Guidelines,

holding that it is unconstitutional for a judge to make factual findings that would increase the top of the guidelines range. *See Booker*, 125 S. Ct. at 756. To remedy this constitutional defect in sentencing procedures, the Court struck down the portions of the Sentencing Reform Act that made application of the Guidelines mandatory. *Id*.

We invited the parties to submit supplemental briefing on the *Booker* issue. In his supplemental *Booker* brief, Mr. Washington concedes that the enhancement for prior convictions is not a constitutional defect, but argues that the enhancement for reckless endangerment does violate the Sixth Amendment. Additionally, Mr. Washington argues that the district court committed non-constitutional *Booker* error by enhancing his sentence after consulting the Guidelines as if they were mandatory.

## II. Discussion

### A. Whether Mr. Washington Qualifies as a "Career Offender"

To determine whether the defendant qualified as a "career offender," the district court considered the requirements of U.S.S.G. § 4B1.1. Under that section, a defendant is a career offender if (1) he was "at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions

of either a crime of violence or a controlled substance offense." U.S.S.G. §

4B1.1. At issue here is whether Mr. Washington's prior felony conviction for

unlawful sexual activity with a minor qualifies as a "crime of violence." Mr.

Washington argues that the statute under which he was convicted contains no

"use-of-force" element and therefore the offense is not a crime of violence.[1]

The term "crime of violence" as used in § 4B1.1 is defined in § 4B1.2(a)

as:

> [A]ny offense under federal or state law, punishable by imprisonment
> for a term exceeding one year, that--
> (1)    has as an element the use, attempted use, or threatened
> use of physical force against the person of another, or
> (2)    is burglary of a dwelling, arson, or extortion, involved
> use of explosives, or otherwise involves conduct that
> presents a serious potential risk of physical injury to
> another.

*Id.* The commentary that accompanies this provision includes "forcible sex

offenses" within the ambit of the term "crime of violence." *Id.* cmt., n.1.

Because the statute under which Mr. Washington was convicted does not include

the use, attempted use, or threatened use of physical force, his prior conviction

can only be considered a crime of violence if it satisfies the "otherwise involves"

criterion of § 4B1.2(a)(2).

---

[1]Mr. Washington pleaded guilty to Utah Code Ann.§ 76-5-401.2, which
prohibits sexual activity with "a person who is 16 years of age or older, but
younger than 18 years of age. . . ."

In order to determine if a criminal conviction is properly categorized as a crime of violence, we follow a categorical approach in which we look "only to the fact of the conviction and the statutory definition of the prior offense." *United States v. Austin*, 426 F.3d 1266, 1270 (10th Cir. 2005) (citing *United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004) (relying on *Taylor v. United States*, 495 U.S. 575, 602 (1990))). If the statute in question is ambiguous, in that it reaches conduct that could be both violent and nonviolent, we are permitted to "look to the charging paper and judgment of conviction in order to determine if the actual offense the defendant was convicted of qualifies as a crime of violence." *United States v. Hernandez-Rodriguez*, 388 F.3d 779, 783 (10th Cir. 2004) (internal quotation marks and citations omitted).

Mr. Washington argues that, following this categorical approach, the Utah statute under which he was convicted is ambiguous because it is broad enough to encompass both violent and non-violent crimes. He further asserts that the other documents available to this Court concerning his prior conviction do not resolve the statute's ambiguity in this case. Because neither the statute itself nor the other available documents establish that Mr. Washington's conviction for unlawful sexual contact with a minor was a crime of violence, he argues that the district court improperly enhanced his sentence for being a career offender.

We recently considered whether a conviction for unlawful sexual contact with a victim who is part of a statutorily protected class of minors constitutes a crime of violence in *Austin*. There, the defendant's sentence was enhanced based in part on a guilty plea for a statutory violation consisting of sexual contact with a person less that fifteen years old. *Austin*, 426 F.3d at 1268. On appeal, the defendant argued that the district court improperly characterized his prior conviction as a crime of violence. *Id.* at 1269. After a thorough review of the case law in our own circuit, as well as that of our sister circuits, we concluded that "sexual abuse of a statutorily-protected, specific age group of minors, including abuse through sexual contact, is generally, by its nature, considered a 'crime of violence.'" *Id.* at 1278.

In so concluding, we relied upon our holding in *United States v. Rowland*, 357 F.3d 1193 (10th Cir. 2004), that "a prior conviction for the nonconsensual touching of the body parts of a victim over the age of sixteen, as prohibited by state statute, created a risk of physical injury under § 4B1.2." *Austin*, 426 F.3d at 1278. In *Austin*, we left open the question of whether touching the clothing covering a minor child's intimate parts would similarly "pose a serious risk of physical injury for the purposes of § 4B1.2." *Id.* at 1278, 1278 n.5.

This case does not present us with the opportunity to resolve that question. The prior felony relied upon by the district court during Mr. Washington's

sentencing was a plea of guilty to a Utah statute prohibiting "sexual intercourse with [a] minor." Utah Code Ann. § 76-5-401.2. Based on the plain language of the statute, it is clear that Mr. Washington's prior conviction was not limited to the touching of clothing covering the minor victim's intimate parts.

Based upon our decision in *Austin*, we conclude that the trial court properly characterized Mr. Washington's prior felony conviction for unlawful sexual contact with a minor as a crime of violence under § 4B1.2.

**B. Whether the District Court Improperly Enhanced the Sentence**

Mr. Washington also argues that the sentencing enhancements imposed by the district court violate *United States v. Booker*, 125 S. Ct. 738 (2005). The enhancement for reckless endangerment presents a constitutional *Booker* claim, while the career offender enhancement presents a non-constitutional claim. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731–32 (10th Cir. 2005) (distinguishing between constitutional and non-constitutional *Booker* errors). Neither type of *Booker* error is structural. *See id.* at 734 (non-constitutional *Booker* error is not structural); *United States v. Dowlin*, 408 F.3d 647, 668–69 (10th Cir. 2005) (constitutional *Booker* error is not structural). Because Mr. Washington did not object below, we review both constitutional and non-constitutional *Booker* errors under the familiar plain error standard. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial

rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzalez-Huerta*, 403 F.3d at 732 (quoting *United States v. Burbage*, 365 F.3d 1174, 1180 (10th Cir.), *cert. denied*, 125 S. Ct. 510 (2004)).

We recognize that both the first and second prongs of the plain error analysis are satisfied for both the constitutional and non-constitutional *Booker* errors. Addressing the third prong of plain error, we conclude that Mr. Washington has failed to demonstrate that the constitutional error resulting from the reckless endangerment enhancement affected his substantial rights. There are two ways in which a defendant can comply with the third plain error prong. First, he can show "a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a preponderance of the evidence." *United States v. Dazey*, 403 F.3d 1147, 1175 (10th Cir. 2005). Second, he can establish a reasonable probability that the judge would have imposed a sentence outside the Guidelines range if more leniency were available. *Id.* Mr. Washington has demonstrated neither of these probabilities.

As to the first possible showing, in order to evaluate the effect on the defendant's substantial rights, we must "review the evidence submitted at the sentencing hearing and the factual basis for any objection the defendant may have

made to the facts on which the sentence was predicated." *Id.* The uncontradicted evidence submitted at the sentencing hearing indicates that Mr. Washington "crashed his vehicle into a brick wall and then backed into a police vehicle that was blocking his escape" in an attempt to flee from police. R. Vol. XIII, PSR 5. Because Mr. Washington did not object to this factual finding in the pre-sentence report, and because the evidence is uncontradicted, Mr. Washington has not shown a reasonable probability that the factual predicate for sentencing would be different had the facts been submitted to a jury.

Regarding the other possible showing for the third plain error prong, we note that the district court did not express an inclination to sentence Mr. Washington below the Guidelines range. To the contrary, the trial judge indicated his inclination to sentence Mr. Washington more severely. Specifically, he stated:

> I'm telling you Mr. Washington, I am on the edge of a life sentence. I look at your history and all you have done before me is slander the Court, complain about everyone you have come into contact with and deny responsibility. . . . Your record is terrible. You qualify as a career criminal. A good case could be made for me to put you away for life. Society would probably be better. . . . You have proven to be a dangerous man. You're here today still complaining about everyone else's behavior and it has me this close to giving you life in prison.

R. Vol. XII, at 15-16. If anything, the district court indicated that it was lenient in sentencing, not excessive. We cannot say, then, that there is a reasonable probability that Mr. Washington would receive a different sentence, at least not a more lenient one, if we were to remand. *Compare United States v. Williams*, 403

F.3d 1188, 1199-1200 (10th Cir. 2005) (finding a reasonable probability that the ensuing sentence would be different where the district court judge indicated that he felt obligated by the guidelines to impose what he considered to be an excessive and "immoral" sentence).

As to Mr. Washington's non-constitutional *Booker* claim, we need not address whether it affected Mr. Washington's substantial rights because we conclude that he has failed to show that it seriously affected the fairness, integrity, or public reputation of his judicial proceedings. *See Gonzalez-Huerta*, 403 F.3d at 736 (declining to address the third prong of plain error because the defendant did not satisfy the fourth prong).

Under the fourth prong of plain error analysis, we will not notice non-constitutional *Booker* errors unless they are particularly egregious and our failure to do so would result in a miscarriage of justice. *Id.* In light of our review of the record, we conclude that Mr. Washington has failed to demonstrate that his sentence was unfair. The mere fact that a sentence was mandatorily imposed does not threaten the fairness, integrity, or public reputation of judicial proceedings. *Gonzalez-Huerta*, 403 F.3d at 739 (quoting *United States v. Antonakopoulos*, 399 F.3d 68, 80 (1st Cir. 2005)). We recognize that the Sentencing Guidelines represent the accepted national norms for sentencing, and that district courts must continue to recognize these national norms when making sentencing decisions.

*Id.* at 738. Mr. Washington's sentence is within this national norm and we find no mitigating evidence in the record before us that indicates his sentence should be reduced.

## III. Conclusion

Because we reject both of the arguments raised by Mr. Washington on appeal, the judgment of the United States District Court for the District of Utah is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge