**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN EXAU MUNGUIA-
SANCHEZ, also known as Ruben
Exau Manguia-Sanchez, also known as
Ruben Sanchez,

Defendant-Appellant.

No. 03-1206

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO
(D.C. No. 02-CR-557-MK)**

---

Jill M. Wichlens, Assistant Federal Public Defender, (Michael G. Katz, Federal
Public Defender, with her on the brief), Denver, CO, for Defendant-Appellant.

James C. Murphy, Assistant United States Attorney (John W. Suthers, United
States Attorney, with him on the brief), Denver, CO, for Plaintiff-Appellee.

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.[*]

---

[*]  After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument.  See FED. R. APP. P. 34(f); 10TH CIR. R. 34.1 (G).  The
case is therefore submitted without oral argument.

**HENRY,** Circuit Judge.

Ruben Exau Munguia-Sanchez appeals his sentence for unlawfully reentering the United States after deportation for conviction of an aggravated felony, a violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that his prior Colorado state court conviction for sexual assault of a child did not constitute a crime of violence under section 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines. As a result, Mr. Munguia-Sanchez maintains, the district court erred in calculating his criminal history.

We are not persuaded by Mr. Munguia-Sanchez's arguments and agree with the decisions of other circuits that a conviction for sexual assault on a child constitutes a crime of violence regardless of the victim's alleged consent. United States v. Periera-Salmeron, 337 F.3d 1148, 1151-54 (9th Cir. 2003); United States v. Vargas-Garnica, 332 F.3d 471, 473-74 (7th Cir. 2003); United States. v. Rayo-Valdez, 302 F.3d 314, 315-20 (5th Cir. 2002); United States v. Gomez-Hernandez, 300 F.3d 974, 978-80 (8th Cir. 2002). We therefore affirm Mr. Munguia-Sanchez's sentence.

## I. BACKGROUND

Mr. Munguia-Sanchez pleaded guilty to a one-count indictment charging him with unlawfully re-entering the United States after having been deported and

convicted of an aggravated felony, a violation of 8 U.S.C. § 1326(a) and (b)(2). The indictment described the aggravated felony as "Sexual Assault on a Child" and referenced a Jefferson County, Colorado District Court conviction. Rec. vol. I, doc. 1, at 1. Citing the sexual assault conviction, the presentence report recommended a sixteen level enhancement of Mr. Munguia-Sanchez's offense level pursuant to USSG § 2L1.2(b)(1)(A)(ii).

The presentence report explained that the sexual assault charge arose out of Mr. Munguia-Sanchez's contact with a twelve-year-old girl. According to the presentence report, the girl informed the police that

> she was engaged in a sexual relationship involving intercourse with the defendant, which had lasted for . . . two months. . . . [S]he met the defendant through one of his sisters . . . . After a period of flirtation by the defendant, during which [she] told the defendant her age, she agreed to be the defendant's girlfriend.

Rec. vol. IV, at 5 ¶ 24. Mr. Munguia-Sanchez admitted that he had engaged in a sexual relationship with the girl. He told the police that she was his girlfriend and that he knew her age. He was twenty years old at the time.

Mr. Munguia-Sanchez did not object to the proposed enhancement, but he did move for a downward departure on the grounds that (1) his criminal history category of IV over-represented the seriousness of his criminal record because much of his criminal history was based on driving offenses; and (2) his unlawful reentry conviction was the product of duress because his family was in physical

danger in his native El Salvador.

At sentencing, the district court applied the sixteen-level enhancement under USSG § 2L1.2(b)(1)(A)(ii), concluding that the sexual assault of a minor conviction constituted a crime of violence. However, the court did depart downward, reducing Mr. Munguia-Sanchez's criminal history from category IV to category III. The court sentenced Mr. Munguia-Sanchez to forty-six months' imprisonment.

## II. DISCUSSION

In this appeal, Mr. Munguia-Sanchez argues that because his sexual assault conviction involved consensual conduct, the district court erred in applying the sixteen-level enhancement under USSG § 2L1.2. Because Mr. Munguia-Sanchez did not object to the enhancement in the district court proceedings, our review is for plain error. See United States v. Whitney, 229 F.3d 1296, 1308 (10th Cir. 2000). To establish plain error, Mr. Munguia-Sanchez "must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affect[s] substantial rights. If these three elements are satisfied, then we may exercise discretion to correct the error if it seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citations omitted; alterations in the original).

In enhancing Mr. Munguia-Sanchez's sentence, the district court applied

USSG § 2L1.2(b)(1)(A)(ii), which governs convictions for unlawful reentry and requires a sixteen-level increase in the offense level "[i]f the defendant previously was deported, or unlawfully remained in the United States after . . . a conviction of a felony that is . . . a crime of violence." At the time that the district court sentenced Mr. Munguia-Sanchez, the commentary to § 2L1.2 defined a "crime of violence" as:

> (I) . . . an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
>
> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

USSG § 2L1.2 cmt. n.1(B)(ii) (2002).

Mr. Munguia-Sanchez argues that the commentary establishes a conjunctive test for determining what constitutes a crime of violence. Thus, he maintains that in order to satisfy the definition, those offenses that are specifically listed in subpart (II) must also involve "the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(ii)(2002). Here, he contends, his conviction for sexual assault did not involve such force and therefore was not a crime of violence.

In support of this argument, Mr. Munguia-Sanchez invokes the definition of

a "crime of violence" in the career offender provision of the Guidelines, USSG § 4B1.2.[1] Mr. Munguia-Sanchez further contends that, at best, the language of the commentary to USSG § 2L1.2 is ambiguous and that he should thus be afforded the benefit of the disjunctive reading under the rule of lenity. See United States v. Mojica, 214 F.3d 1169, 1174 (10th Cir. 2000) (applying the rule of lenity in interpreting the provisions of the Guidelines).

As the government notes, this very argument has been rejected by the Fifth, Seventh, Eighth, and Ninth Circuits. See Rayo-Valdez, 302 F.3d at 320 ("[S]exual abuse of a minor is a 'crime of violence' [under USSG § 2L1.2], even if no element of physical force is necessary to prove it. This takes account of the

---

[1] For purposes of the Guidelines' career offender provision, USSG 4B1.1, a "crime of violence" is defined as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, <u>or</u>
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a) (emphasis added).

According to Mr. Munguia-Sanchez, § 4B1.2(a)'s use of the word "or" suggests that, in using "and" rather than "or" in the provision here at issue (§ 2L1.2), the Sentencing Commission intended a disjunctive test.

inherent nature of the offense, as discussed above, and squares with the proper interpretation of the entire note."); Vargas-Garnica, 332 F.3d at 473-74 ("It is sufficient [under the "crime of violence definition in the commentary to USSG § 2L1.2] if the prior conviction either satisfies the general criterion involving the use of force as described in subparagraph (I), or is one of the specifically enumerated offenses in subparagraph (II).") (second emphasis added); Gomez-Hernandez, 300 F.3d at 979 ("[A] prior felony conviction for any of the crimes enumerated in subpart (II) of application note 1(B)(ii) is a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) . . . . [and] we need not consider whether the California crime of which [the defendant] was convicted, unlawful sexual intercourse with a minor, inherently involves the element of physical force required by subpart (I)."); Periera-Salmeron, 337 F.3d at 1152 ("[A]n offense constituting 'sexual abuse of a minor,' whether it includes—or even explicitly excludes'force' as an element, is deemed to be a 'forcible sex offense' and thus a 'crime of violence' for the purposes of [USSG § 2L1.2].").  We agree with the reasoning of these courts.[2]

_____

[2] This circuit has not yet construed the definition of a "crime of violence" under USSG § 2L1.2.  In United States v. Vigil, 334 F.3d 1215 (10th Cir.) cert. denied, 124 S. Ct. 592 (2003), we held that aggravated incest under Colorado law constituted a "crime of violence" under USSG § 4B1.2(a).  That holding, however, was based upon the conclusion that aggravated incest "'involves conduct that presents a serious potential risk of physical injury to another.'" Id.
(continued...)

In particular, the use of the word "and" in the definition of a crime of violence in the USSG § 2L1.2 commentary is not sufficient to establish that the test is conjunctive. "Although the word 'and' is usually a conjunctive, to ascertain the clear intention of the legislature[,] . . . courts are often compelled to construe 'or' as meaning 'and' and again 'and' as meaning 'or.'" Gomez-Hernandez, 300 F.3d at 978 (internal quotation marks and citations omitted); Periera-Salmeron, 337 F.3d at 1151 ("Despite the Sentencing Commission's use of the conjunctive 'and' between subparts (I) and (II), we read the two subparts as presenting alternative definitions of 'crime of violence rather than a two-pronged test requiring satisfaction of both subparts.").

The Commission's use of the word "includes" to introduce subpart II supports this disjunctive reading. "[T]he 'and' in § 2L1.2 is followed by 'includes' which is an illustrative construction, not a limiting construction." Vargas-Garnica, 332 F.3d at 474; see also Periera-Salmeron, 337 F.3d at 1151-52 (noting that "the word 'includes' . . . . inherently weighs against the notion that subpart (II) is a separate prong that must be satisfied, since it plainly indicates that the list to follow is not exhaustive" and that "[t]o read this definition to

---

[2](...continued)
at 1222 (quoting USSG § 4B1.2(a)). Because the definition of a "crime of violence" at issue in Mr. Munguia-Sanchez's sentence (§ 2L1.2) does not contain this "serious potential risk of physical injury" component, Vigil does not resolve this case.

require that the prior conviction must satisfy both subparts would effectively ignore that word, something we are not free to do").

Moreover, subpart II of the "crime of violence" definition lists several offenses that do not require the proof of the use or threatened or attempted use of force, for example "extortionate extension of credit" and "burglary of a dwelling." See Gomez-Hernandez, 300 F.3d at 979 (observing that "[t]he crime of burglary is defined differently by the laws of the various States, but burglary, or at least 'generic' burglary, has never had as an element 'the use, attempted use, or threatened use of physical force against the person of another'"). The fact that those offenses are "crimes of violence" indicates that the definition is disjunctive; the contrary reading–that an offense must satisfy both subparts–would mean, nonsensically, that those offenses could not be crimes of violence, even though they are specifically listed as such. See Pereira-Salmeron, 337 F.3d at 1152 (noting that "[u]nder the interpretation urged by [the defendant], [burglary of a dwelling and extortionate extension of credit] could not qualify as crimes of violence . . . [b]ut the explicit inclusion of those crimes within subpart (II) was obviously meant to have some purpose, and those words cannot properly be treated as if they were not there"); see also United States v. Fuentes-Rivera, 323 F.3d 869, 872 (11th Cir. 2003) (rejecting the defendant's argument that burglary of a dwelling is not a "crime of violence" for the purposes of § 2L1.2 and

observing that "[i]f we were to adopt [the defendant's] proposition that burglary of a dwelling is not a 'crime of violence' because it does not have as an element of the offense the use, attempted use, or threatened use of physical force on the person of another, [the] enumeration of burglary of dwelling, as well as kidnaping and arson, would be rendered superfluous.")

Finally, the disjunctive reading of the definition is confirmed by the recent amendments to the commentary to USSG § 2L1.2, adopted after the district court sentenced Mr. Munguia-Sanchez. In considering that commentary we note that we ordinarily apply the version of the Guidelines in effect at the time of sentencing. See United States v. Gigley, 213 F.3d 503, 506 n.3 (10th Cir. 2000). "We may, however, apply clarifying amendments retroactively to help us understand an older version of the guidelines." Id. "The following factors tend to show that an amendment is for clarification: it does not overrule existing precedent, it revises a commentary note rather than a guideline, and the authors characterized it as clarifying." Id.

Here, the Sentencing Commission has changed the definition of a "crime of violence" under USSG § 2L1.2 in the November 2003 amendments to the Guidelines. The term is now defined as:

> any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or

any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG § 2L1.2 cmt n.1B(iii) (Nov. 1, 2003) (emphasis added).

The Commission explains the purpose of the amendment of the definition as follows:

> [T]he amendment adds commentary that clarifies the meaning of the term "crime of violence." . . . . The previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor and residential burglary, also had to include as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another." The amended definition makes clear that the enumerated offenses are always classified as "crimes of violence," regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG. app. C (vol. II), amend. 658, at 401-02 (Supp. 2003) (emphasis added).

That clarifying commentary forecloses the conjunctive reading of the "crime of violence" definition urged by Mr. Munguia-Sanchez.

## III. CONCLUSION

Here, there is no dispute that Mr. Munguia-Sanchez's Colorado state court conviction for sexual assault of a minor constitutes a "forcible sex offense (including sexual abuse of a minor)" under the definition of a crime of violence in

-11-

the commentary to USSG § 2L1.2. Under the disjunctive reading of the definition of a "crime of violence" effective at the time of sentencing, as well as under the clarifying definition set forth in the November 1, 2003 amendment to the Guidelines, that offense constitutes a crime of violence. Accordingly, the district court did not err in applying the sixteen-level enhancement under USSG § 2L1.2, and certainly did not commit the kind of plain error that would warrant granting relief to Mr. Munguia-Sanchez in this appeal.

We therefore AFFIRM Mr. Munguia-Sanchez's sentence.