**In re TCR OF DENVER, LLC, Debtor.**

**No. 05–45287–SBB.**

United States Bankruptcy Court,
D. Colorado.

Feb. 17, 2006.

Barry K. Arrington, Arvada, CO, Counsel for TCR of Denver, LLC.

Alison E. Goldenberg, Denver, CO, Trial Attorney for the U.S. Trustee, Department of Justice.

Cynthia T. Kennedy, Kennedy & Kennedy, P.C., Lafayette, CO, Counsel for U.S. Capital, Incorporated.

## AMENDED MEMORANDUM OPINION AND ORDER DISMISSING CHAPTER 11 PROCEEDING

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER came before the Court on (1) the Chapter 11 scheduling conference (2) Debtor's Motion for Voluntary Dismissal of Chapter 11 Case filed December 20, 2005 (Docket # 13) and (3) U.S. Capital, Incorporated's ("Creditor") Request for Emergency Action on Debtor's Motion to Dismiss Bankruptcy filed December 22, 2005 (Docket # 17). The Court, upon reviewing the pleadings and the recent revisions to the United States Bankruptcy Code, as a result of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")—in particular the stringent and purposeful revisions to 11 U.S.C. § 1112(b)—, issued an Order directing the filing of legal briefs on the question of dismissal of a Chapter 11 case under the revised 11 U.S.C. § 1112(b).

The Court has received briefs on the issue from Creditor and Debtor, in rhyme, no less, on January 9, 2006 (Docket # s 35 and 36 respectively). Although both counsel for the parties might well win prizes for their rhyme, their briefs address the drafting problems of 11 U.S.C. § 1112(b) as crafted by Congress, if construed literally and strictly. In addition, the Court received a well-reasoned brief from the United States Trustee (Docket # 38). The Court, has reviewed the briefs of the parties, the case law, and the limited legislative history of BAPCPA, and makes the following findings of fact, conclusions of law, and Order in fairly stagnant prose.

### I. *Overview*

This is a case where the language of BAPCPA passed by Congress tends to

defy logic and clash with common sense. This is an example of a specific revision to the Bankruptcy Code, if followed by the Court and applied as Congress seems to intend—i.e., by way of strict construction—would result in an absurd decision and totally unworkable legal precedent.[1] These drafting problems have the potential of bringing the bankruptcy system to a halt while debtors, creditors, and the courts try to figure out just exactly what Congress intended. This Court would add that it appears that the largely overlooked changes to the bankruptcy provisions related to non-consumer cases, such as the case presently before the Court, may sometimes equal the poor crafting of the consumer provisions. Moreover, serious and consequential constitutional questions may be looming on the horizon because of inartful drafting.[2]

## II. *Background of this Case*

On December 13, 2005, TCR of Denver, LLC ("Debtor") filed for relief under Chapter 11. Seven days later, the Debtor filed a Motion for Voluntary Dismissal of the Chapter 11 Case on December 20, 2005 (Docket # 13) followed two days later by the Creditor's Request for Emergency Action on Debtor's Motion to Dismiss filed on December 22, 2005 (Docket # 17).

Shortly after the filing of the Chapter 11 case, the United States Trustee also discovered that the Debtor was unable to maintain appropriate insurance for its sole asset, a townhouse development project known as Stanford Commons located at 9791 West Stanford Avenue, Denver, Colorado ("Property"). Moreover, the United States Trustee became advised of numerous City of Denver Ordinance zoning violations, creating a potential threat to public safety. Because there were two pending Motions to Dismiss this Chapter 11 case, the United States Trustee did not pursue dismissal.

On December 27, 2005, this Court set a hearing on the Debtor's Motion to Dismiss for January 17, 2006. On December 30,

---

1. Well-regarded commentators have noted the drafting problems intrinsic throughout BAPCPA:

   The list of drafting errors and incomprehensible provisions grows every day as bankruptcy professional digest BAPCPA. Especially the consumer parts, this legislation was not written or vetted by the practitioners and scholars usually involved in bankruptcy legislative efforts.

   . . .

   Whether by design or default, bankruptcy practitioners and judges will spend decades unraveling cross-references that lead nowhere and interpreting new terms of art that fail to communicate. If the drafters intended to make bankruptcy more complicated and expensive by making the bankruptcy law less coherent and more difficult of application, they succeeded. There will be generations of "technical amendments."

   Hon. Keith M. Lundin, *Ten Principles of BAPCPA: Not What was Advertised*, 24 AM. BANKR. INST. J. 1, 70 (Sept.2005) (citations omitted).

   One of the chief problems that will be confronted is atrocious drafting, especially in many of the consumer provisions of the bill. In contrast to the 1978 legislation, which was crafted with extensive assistance form many of the finest minds in the bankruptcy world, many of the consumer provisions of the 2005 legislation were largely drafted by lobbyists with limited knowledge of real-life consumer bankruptcy practice. It is perhaps a credit to the bankruptcy bar that no true expert in bankruptcy participated in drafting the consumer provisions sought by the financial services industry . . .

   Henry J. Sommer, *Trying to Make Sense of Nonsense: Representing Consumers Under the "Bankruptcy Abuse Prevision and Consumer Protection Act of 2005"*, 79 Am. Bankr.L.J. 191, 191–192 (Spring 2005).

2. *See* Erwin Chemerinsky, *Constitutional Issues Posed in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 79 AM. BANKR. L.J. 571 (Summer 2005).

2005, the Court entered its *sua sponte* Order requesting the parties, including the United States Trustee, to file briefs on the issues connected with the recent revisions to 11 U.S.C. § 1112(b). The Debtor, Creditor and the United States Trustee filed briefs consistent with this Court's Order, and the Court held the hearing as scheduled.[3]

### III. *Issues*

A. Under BAPCPA, whether 11 U.S.C. § 1112(b) requires a party in interest to establish **all** of the items constituting "cause" before a case *shall* be dismissed by the Court.

A. Under the new regime of BAPCPA, whether a Chapter 11 debtor *may or can voluntarily* dismiss a case without demonstrating *all* the elements of "cause" under 11 U.S.C. § 1112(b)(4). Or, in the absence of demonstrating all of the elements of "cause," under subsection (a), is the only option available to a Chapter 11 debtor *conversion* of the case to Chapter 7 in accordance with the exclusive language of 11 U.S.C. § 1112(a)?

### IV. *Discussion*

#### A. Changes to 11 U.S.C. § 1112(b) Under BAPCPA

In BAPCPA, Congress amended 11 U.S.C. § 1112(b). Section 1112(b) is set out, in part, as follows (the amended statute is shown utilizing strike-out to show extracted language and italics to show added language):

(b)*(1)* Except as provided in *paragraph (2) of this subsection,* subsection (c) of this section, *and section 1104(a)(3),* on request of a party in interest ~~or the United States trustee or bankruptcy administrator~~, and after notice and a

hearing, *absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors and the estate,* the court ~~may~~ *shall* convert a case under this *chapter* to a case under chapter 7 ~~of this title~~ or ~~may~~ dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, ~~for~~ *if the movant establishes* cause,

. . .

*(4) For the purposes of this subsection, the term "cause" includes—*

(~~1~~*A* ) *substantial or* continuing loss to or diminution of the estate and *the* absence of a reasonable likelihood of rehabilitation;

~~(2) inability to effectuate a plan;~~

~~(3) unreasonable delay by the debtor that is prejudicial to creditors;~~

*(B) gross mismanagement of the estate;*

*(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;*

*(D) unauthorized use of cash collateral substantially harmful to one or more creditors;*

*(E) failure to comply with an order of the court;*

*(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;*

*(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the federal Rules of Bankruptcy Procedure without good cause shown by the debtor;*

---

**3.** During this hearing, the parties consented to a brief extension of the 15 day period of time for this Court to rule consistent with 11 U.S.C. § 1112(b)(3).

*(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);*

*(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;*

*(J)* failure to *file a disclosure statement, or to file or confirm* ~~propose~~ a plan, ~~under section 1121 of this title~~ within ~~any~~ *the* time fixed by *this title or by order of* the court;

~~(5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;~~

(~~10~~ *K* ) ~~nonpayment of~~ *failure to pay* any fees or charges required under chapter 123 of title 28;

(~~6~~ *L* ) revocation of an order of confirmation under section 1144 ~~of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;~~

(~~7~~ *M* ) inability to effectuate substantial consummation of a confirmed plan;

(~~8~~ *N* ) material default by the debtor with respect to a confirmed plan;

(~~9~~ O) termination of a *confirmed* plan by reason of the occurrence of a condition specified in the plan; ~~or~~ *and*

*(P) failure of the debtor to pay any domestic support obligation that first* becomes payable after the date of the filing of the petition.[4]

The key word here is "and." The amended 11 U.S.C. § 1112(b)(4)(O), lists items for "cause" in the conjunctive "and" versus the former language of the statute, which used the disjunctive "or." This is clearly a deliberate and specific change in the language of the statute. The "reformed" section 1112(b)(4) makes little "common-sense"[5] and is drafted in a manner that is quite imperfect.[6]

Nevertheless, the Court recognizes that courts have expressed that there are dangers in attempting to take statutory language too literally, and to rely too heavily on the characterization of "disjunctive" form versus "conjunctive" form to resolve issues of statutory construction.[7] However, it appears that Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it *"shall"* dismiss or convert a case under Chapter 11 if the elements for "cause" are shown under 11 U.S.C. § 1112(b)(4).[8]

Further, it would appear that the use of the word "includes," as defined in the rules of construction of the Code, is not necessarily limiting. Moreover, in conjunction with the word "and" instead of "or" it does seem that, perhaps, *all* of the factors must be met by a moving party in interest, *including a debtor-in-possession,* before a

---

**4.** Bolded and italicized emphasis added.

**5.** In signing BAPCPA, the President stated: "The bipartisan bill I'm about to sign makes common-sense reforms to our bankruptcy laws."

**6.** During hearings before the Senate Judiciary Committee, evidently testimony was received suggesting that BAPCPA was perfect. S. 256 Hearings before the Senate Judiciary Com-

mittee, Feb. 10, 2005; *see also, In re McNabb,* 326 B.R. 785, 791 (Bankr.D.Ariz.2005).

**7.** *Kelly v. Wauconda Park Dist.,* 801 F.2d 269, 270 n. 1 (7 th Cir.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987).

**8.** Subject to the provisions of 11 U.S.C. § 1112(a)(3). *See* 7 *Collier on Bankruptcy* ¶ 1112.04, at 1112–20 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev.2005).

case can be dismissed under Chapter 11.[9] Specifically, as the authors of *Collier on Bankruptcy* noted:

> It was not intended that the definitions of words used in the 1898 Act which read "shall include" should exclude other meanings. However, it was intended that words so defined would be held to include what was expressed.[10]

Using this analysis and proper and precise usage of the English language, it would appear that *all of the fifteen (15) specifically identified factors demonstrating "cause" under 11 U.S.C. § 1112(b)(4) must be shown, plus, there may be other factors to supplement the specifically delineated factors.*

### B. A Party in Interest Does Not Need to Establish *All* of the Items Constituting "Cause" Before a Case Can Be Dismissed by the Court

█ The task of resolving the meaning of a statute begins where all such inquiries must begin: with the language of the statute itself.[11] Unfortunately, here, the Plain Meaning Rule is not appropriate as it would lead to an absurd result.[12] First, if this Court were to require that all the elements of section 1112(b)(4) had to be fulfilled, the Court would doubt very much that a corporate Chapter 11 could ever be dismissed because, for example, this Court can think of no instance where a corporate debtor would have a domestic support obligation.[13] Thus, dismissal could only occur

in a Chapter 11 case involving an individual debtor. Moreover, if every element of section 1112(b)(4) *was* met, the debtor must *not* only be dismissed, but probably deserves referral to the United States Attorney.

Second, if the statute truly requires, as the United States Trustee coined, a "perfect storm" of all the elements constituting cause, it would render 11 U.S.C. § 1112(b) a nullity and the statute cannot be interpreted that way.[14]

Third, Congress seem to be quite lax in interchanging "and" and "or" such that "and" can connote disjunctive and "or" can be used in the conjunctive. It appears that the courts have long recognized errors in legislative drafting with respect to the use of conjunctive and disjunctive language and the Courts have construed terms in a manner that makes sense.[15] As noted by the author of STATUTES AND STATUTORY CONSTRUCTION:

> Where two or more requirements are provided in a section and it is the legislative intent that all of the requirements must be fulfilled in order to comply with the statute, the conjunctive "and" should be used. Statutory phrases separated by the word "and" are usually to be interpreted in the conjunctive. Where a failure to comply with any requirement imposes liability, the disjunctive "or" should be used. Generally, courts presume that "or" is used in a statute disjunctively unless there is clear legisla-

---

**9.** 11 U.S.C. § 102(3).

**10.** 2 *Collier on Bankruptcy* ¶ 102.04, at 102–8 and 102–9 (citing *American Surety Co. v. Marotta,* 287 U.S. 513, 53 S.Ct. 260, 77 L.Ed. 466 (1933)).

**11.** *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

**12.** *Id.; see also, In re Watson,* 332 B.R. 740, 745 (Bankr.E.D.Va.2005).

**13.** 11 U.S.C. § 1112(b)(4)(P).

**14.** 2A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 45:12 (6th ed.2003).

**15.** *See, e.g., Kerlin's Lessee v. Bull,* 1 Dall. 175, 1 L.Ed. 88 (1786); *U.S. v. Munguia–Sanchez,* 365 F.3d 877 (10th Cir.2004).

tive intent to the contrary. The word "nor" is disjunctive in a negative proposition. While there may be circumstances which call for an interpretation of the words "and" and "or," ordinarily these words are not interchangeable. The terms "and" and "or" are often misused in drafting statutes. The inappropriate use of these words is found in many statutory enactments. The literal meaning of these terms should be followed unless it renders the statute inoperable or the meaning becomes questionable. Because a list exists, the "or" between subsections (3) and (4) make it necessary to read "or" as disjunctive. There has been, however, so great laxity in the use of these terms that courts have generally said that the words are interchangeable and that one may be substituted for the other, if consistent with the legislative intent. The words are not interchangeable, and their strict meaning should be followed when their accurate reading does not render the sense of the statute confusing and there is no clear legislative intent to have the words not mean what they strictly should. Disjunctive "or" and conjunctive "and" may be interpreted as substitutes. Yet where the word "and" is used inadvertently and the intent or purpose of the statute seems clearly to require the word "or," this is an example of a drafting error which may be properly rectified by a judicial construction.[16]

The Court agrees with the parties and concurs with the Tenth Circuit's analysis that where, as here, the introductory phrase to a statute uses the word "includes" supports a disjunctive reading of the subparts contained therein.[17] This conclusion is also supported by the scant legislative history to section 1112(b)(4). It is clear that Congress amended section 1112(b) to make it broader, more strict as to debtors, and more encompassing. For example, the legislative history for section 1112(b) reflects that versions of this section leading to the enactment are entitled "Expanded Grounds for Dismissal or Conversion and Appointment of the Trustee." [18] Congress could not have possibly intended to add additional elements constituting "cause" and contemporaneously require that *all* of the elements need be satisfied to dismiss a case if it intended expanded bases for dismissal of a case.

### C. A Debtor May Dismiss a Case Without Demonstrating All the Elements of "Cause" under 11 U.S.C. § 1112(b)(4)

■ As discussed above, a Debtor need not demonstrate that all of the elements of "cause" can be met. As with the pre-BAPCPA law, however, the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy "cause." [19] Despite Congress's attempt to remove any discretion of the Bankruptcy Court, it appears that 11 U.S.C. § 1112(b) may still

---

**16.** 1A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 21:14 (6th ed.2003) (citations omitted).

**17.** *U.S. v. Munguia–Sanchez*, 365 F.3d at 880.

**18.** *See* 151 Cong. Rec. H1993 (daily ed. Apr. 14, 2005) (statement of Rep. Sensebrenner); 151 Cong. Rec. S2531 (daily ed. Mar. 11, 2005). Going back further, it appears that committee reports from the attempts to amend the Bankruptcy Code in 1998 and

1999 expressly contemplated a non-exclusive list of "causes" to dismiss a case. *See* H.R.Rep. No. 106–123, pt. I, at 1 (Apr. 29, 1999); H.R.Rep. No. 105–540, at 1 (May 18, 1998).

**19.** *See* 7 *Collier on Bankruptcy* ¶ 1112.01[2][a], at 1112–8–1112–9 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev.2005)

give the Court some limited discretion to dismiss, convert, or otherwise deal with the disposition of Chapter 11 cases as appropriate.[20]

## V. *Conclusion and Order*

Dismissal is being requested by the Debtor, Creditor and United States Trustee. Grounds to dismiss have been stated under 11 U.S.C. § 1112(b)(4)(A) and (C). Thus, dismissal is appropriate. To rule otherwise would "shock the general moral or common sense." [21]

IT IS THEREFORE ORDERED that the Debtor's Motion to Dismiss (Docket # 13) and the Creditor's Request for Emergency Action on Debtor's Motion to Dismiss Bankruptcy (Docket # 17) are GRANTED.

**20.** *Id.* at ¶ 1112.04.

**21.** *In re Silvus,* 329 B.R. 193, 214 (Bankr. E.D.Va.2005).