**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICARDO VACA-PEREZ,

Defendant-Appellant.

No. 05-2244

District of New Mexico

(D.C. No. CR-05-00392-JP)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Ricardo Vaca-Perez pleaded guilty to illegally reentering the United States

after deportation for an aggravated felony in violation of 8 U.S.C. §§ 1326(b)(2).

The district court concluded that his previous felony, a state court conviction for

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

committing lewd and lascivious acts with a child, was a crime of violence, and the court enhanced Mr. Vaca-Perez's offense level with a net upward adjustment of thirteen levels and sentenced him to a prison term of forty-one months. On appeal, Mr. Vaca-Perez argues that (1) the district court erred in determining that the prior felony was a crime of violence; (2) the court erred under *United States v. Booker*, 543 U.S. 220 (2005), by increasing his sentence based on the fact, not proved to a jury, that the prior conviction was a crime of violence; (3) the court abused its discretion by imposing an unreasonable sentence; and (4) the Supreme Court should reverse *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we **AFFIRM.**

## I. Background

A border patrol agent encountered and arrested Mr. Vaca-Perez in Luna County, New Mexico, on December 29, 2004. Mr. Vaca-Perez is a Mexican citizen who was convicted in California in 1998 for committing lewd and lascivious acts with a child, was deported, and subsequently reentered the United States illegally. Mr. Vaca-Perez pleaded guilty to the reentry charge, and a probation officer prepared a presentence report recommending that Mr. Vaca-Perez—whose base offense level was eight—receive a sixteen-level upward adjustment because the prior felony conviction was a crime of violence, and a

three-level downward adjustment for acceptance of responsibility, resulting in an adjusted offense level of twenty one.

At sentencing, the district court ruled, over Mr. Vaca-Perez's objection, that the prior offense was a crime of violence. The court sentenced Mr. Vaca-Perez to forty-one months' imprisonment, a term at the bottom of the Sentencing Guidelines range.

## II. Discussion

*1. The district court properly held that the prior felony was a crime of violence*

Mr. Vaca-Perez argues that his prior criminal conviction for committing lewd and lascivious acts with a child was not a crime of violence because the offense did not include, as a necessary element, the use, attempted use, or threatened use of force. Mr. Vaca-Perez interprets *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 1262 (2005), as standing for the proposition that unless force was unambiguously an element of the prior offense, a sentencing court may only consider the charging documents in deciding whether the prior felony offense was a crime of violence. Therefore, he argues, the absence of a force element in California Penal Code § 288(a), under which he was previously convicted, should have prevented the court's finding of a crime of violence and the concomitant sentencing enhancement.

Mr. Vaca-Perez's argument is precluded by a November 2003 amendment to the Sentencing Guidelines, which included sexual abuse of a minor in the list of offenses that are always crimes of violence for sentencing. U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2005). In explaining the 2003 amendment, the Sentencing Commission noted that "[t]he previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor and residential burglary, also had to include as an element of the offense 'the use, attempted use, or threatened use of physical force against the person of another.'" U.S. Sentencing Guidelines Manual app. C (vol. II), amend. 658, at 401-02 (Supp.2003). After the amendment, "the enumerated offenses are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element of the use, attempted use, or threatened use of physical force against the person of another." *Id*. at 402.

We held in *Munguia-Sanchez*, 365 F.3d 877 (10th Cir. 2004), that the enumerated offenses in § 2L1.2 do not require proof of the use or threatened use of force for sentencing adjustment purposes. *Id.* at 880-81. Accordingly, the district court correctly found that Mr. Vaca-Perez's prior offense was a crime of violence. *Accord United States v. Medina-Maella*, 351 F.3d 944, 946-47 (9th Cir. 2003) (concluding that a conviction under § 288(a) of the California Penal Code was a prior conviction for a crime of violence under § 2L1.2).

*2. The court did not commit constitutional* Booker *error*

Mr. Vaca-Perez argues that a district court may not find additional facts regarding a prior conviction that will significantly increase a sentence unless those facts are alleged in the indictment, admitted by the defendant, or proved to the jury beyond a reasonable doubt. He concedes that the district court could properly enhance his sentence because his prior felony offense was an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(c), but he argues that the sixteen-level enhancement for a crime of violence required additional fact-finding prohibited by *United States v. Booker*, 543 U.S. 220 (2005).

While *Booker* does require that certain facts be found by a jury or admitted by a defendant, that requirement does not apply to the fact of a defendant's prior conviction nor to the district court's characterization of that prior offense as a crime of violence. *United States v. Austin*, 426 F.3d 1266, 1270 (10th Cir. 2005). The characterization of prior convictions as crimes of violence is "a question of law and not fact and therefore does not implicate the Sixth Amendment for the purpose of requiring the characterization of the offense to be charged in the indictment and proven to a jury." *Id.* As discussed above, Mr. Vaca-Perez's previous conviction was, on its face, a crime of violence. Consequently, the district court did not need to engage in any fact-finding to characterize it as such. Therefore, Mr. Vaca-Perez's rights were not violated.

*3. The court did not abuse its discretion by imposing an unreasonable sentence*

Mr. Vaca-Perez argues that the Sentencing Guidelines allow sentences for illegal reentry that are unreasonably severe. In support of his argument, he cites *United States v. Trujillo-Terrazas*, 405 F.3d 814, 821 (10th Cir. 2005), as standing for the proposition that a sixteen-level increase for a crime of violence calls into question the fairness, integrity, and public reputation of judicial proceedings. And Mr. Vaca-Perez claims that the Guidelines' sixteen-level enhancement for a crime of violence classifies murderers and rapists in the same category as immigrants who illegally reenter the United States regardless of the violence actually employed in the prior felony offense, and that the Guidelines are especially unreasonable when compared to the sentences imposed for similarly situated offenders who commit far more violent offenses.

When sentencing Mr. Vaca-Perez, the district court knew that *Booker* made the Guidelines advisory and gave the court discretion to impose a sentence outside the Guidelines range. In considering the factors set forth in 18 U.S.C. § 3553, however, the court decided that a sentence within the range was reasonable. While a Guidelines sentence is not per se reasonable, we have held that "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (internal quotation marks omitted). We have considered

Appellants' arguments and find no basis for concluding either that the district court erred in calculating Mr. Vaca-Perez's sentence or that the sentence imposed was unreasonable.

*4.* Almendarez-Torres v. United States *is binding law*

Mr. Vaca-Perez acknowledges that the Supreme Court decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is binding authority on this Court. He challenges it merely to preserve the issue for possible review by the Supreme Court.

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge