**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 19, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

FRANCISCO SERNA-GOMEZ, also
known as Jose Garcia, also known as
Fernando Larara, also known as Jesus
Garcia,

　　Defendant-Appellant.

No. 05-2218
(D. N.M.)
(D.Ct. No. CR-04-2225 MCA)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is
therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Francisco Serna-Gomez pled guilty to illegal reentry into the United States of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2) and (b)(2). He now appeals his seventy-month sentence, contending the district court erred in characterizing his prior conviction as a "crime of violence" and failing to reduce his sentence on grounds he reentered the United States for the purpose of securing a better life for his children. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Mr. Serna-Gomez's conviction and sentence.

On September 7, 2004, Mr. Serna-Gomez was arrested for illegally entering the United States after deportation to Mexico. Following his guilty plea to reentry of a deported alien previously convicted of an aggravated felony, a probation officer prepared a presentence report calculating his base offense level at eight under U.S. Sentencing Guidelines Manual (USSG) § 2L1.2(a) and applying a sixteen-level upward adjustment based on his prior Illinois conviction of aggravated criminal sexual abuse of a minor, which the probation officer categorized as a crime of violence pursuant to USSG § 2L1.2(b)(1)(A). After applying a three-level downward adjustment for acceptance of responsibility and factoring in Mr. Serna-Gomez's criminal history at Category V, the probation officer calculated Mr. Serna-Gomez's sentencing range at seventy to eighty-seven months imprisonment.

Based on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which held the sentencing guidelines are only advisory in nature, Mr. Serna-Gomez requested a deviation from the guideline range on grounds he returned to the United States to provide a living for the benefit of his children, he was unaware of the illegality or penalties of reentering the United States after his deportation, and his prior state conviction did not constitute a "crime of violence" for the purpose of a sixteen-level upward adjustment. Mr. Serna-Gomez asserted his prior conviction should not be categorized as a "crime of violence" because: 1) no presumption of violent intent, or *mens rea,* exists in the applicable Illinois statute; 2) he was not aware his conduct was against the law; and 3) the encounter was consensual, given his assertion the parents of the under-aged girl gave him permission to see her, and he later married her and fathered her child.[1]

The district court adopted the findings and recommendations in the presentence report, concluding Mr. Serna-Gomez's prior conviction for aggravated criminal sexual abuse was a "crime of violence" and that while the sentencing guidelines are only advisory, they provided appropriate guidance in the instant case. The district court determined a sentence at the low end of the

---

[1] While the record on appeal does not contain any evidence supporting Mr. Serna-Gomez's claim he married the minor girl and fathered their child, on appeal he has provided a copy of their marriage certificate showing he married her several years after his arrest for his aggravated sexual abuse of her.

sentencing range at seventy months satisfied the considerations provided in 18 U.S.C. § 3553, including the nature and circumstances of the offense, Mr. Serna-Gomez's history and characteristics, the seriousness of the crime, respect for the law, just punishment for the offense, adequate deterrents to future criminal conduct, and protection of the public from further criminal conduct, while also providing Mr. Serna-Gomez with needed medical, vocational, social, or educational training.

On appeal, Mr. Serna-Gomez continues to argue the Illinois offense he pled guilty to is not a "crime of violence" because it requires neither intent to use or threaten physical force nor that the sexual contact be nonconsensual. In support, he relies on *Leocal v. Ashcroft*, in which the Supreme Court held an alien's conviction under Florida law, which required no *mens rea* for driving under the influence of alcohol and causing serious bodily injury in an accident, was not a "crime of violence" under 18 U.S.C. § 16 of the Comprehensive Crime Control Act, which requires the "use of physical force" against another rather "than the merely accidental or negligent conduct involved in a DUI offense." 543 U.S. 1, 4-5, 7, 9-11, 13 (2004). Mr. Serna-Gomez also renews his claim a seventy-month sentence, enhanced as a result of his prior Illinois conviction, is unreasonable for the mere offense of reentry after deportation and because he reentered the country for the worthy cause of providing economic support for his children.

In this case, the applicable sentencing guideline suggests the base offense level for unlawfully entering or remaining in the United States is eight and should be increased sixteen levels for a prior "crime of violence." *See* USSG § 2L1.2(a)(b)(1)(A)(ii). As Mr. Serna-Gomez points out, pursuant to *Booker,* the sentencing guidelines are now advisory, rather than mandatory, but continue to be a factor the district court must consider in imposing a sentence. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). We review *de novo* a district court's determination a prior offense qualifies as a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii). *See United States v. Torres-Ruiz*, 387 F.3d 1179, 1180-81 (10th Cir. 2004). "In interpreting a guideline, we look at the language in the guideline itself, as well as the 'interpretative and explanatory commentary to the guideline' provided by the Sentencing Commission." *Id.* at 1181 (quotation marks and citation omitted). As an aid in determining whether an offense qualifies as a "crime of violence," a commentary note to § 2L1.2 defines a "crime of violence" as explicitly including the offense of "sexual abuse of a minor" or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii). When a defendant contests the characterization of his prior offense as a "crime of violence" under the applicable guidelines, we follow a categorical approach in which we look "only to the fact of the conviction and the statutory definition of the prior offense" for the purpose of

examining sources of undisputed information, rather than engaging in a fact-finding inquiry on a prior offense previously adjudicated. *United States v. Austin*, 426 F.3d 1266, 1270 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1385 (2006). Only if the statute in question is ambiguous, because it reaches conduct both violent and nonviolent, do we look to the charging paper, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. *Id.* at 1271 (quotation marks and citation omitted).

In this case, Mr. Serna-Gomez pled guilty to the Illinois offense of aggravated criminal sexual abuse, in violation of Chapter 720 Illinois Compiled Statutes § 5/12-16(d). In Illinois, "aggravated criminal sexual abuse" is defined, in relevant part, as "an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was at least 5 years older than the victim." Ch. 720 Ill. Comp. Stat. § 5/12-16(d).

After reviewing the unambiguous language in the applicable Illinois statute, together with the advisory criteria in the sentencing guidelines and our case law, it is clear Mr. Serna-Gomez cannot prevail in arguing his prior offense was not a "crime of violence" because the statute did not include the *mens rea,* or intent to use or threaten force. His argument is plainly precluded by our decision in *United States v. Munguia-Sanchez*, in which we held an offense qualifies as a

"crime of violence" if it involves *either* the use of force *or* one of the specifically enumerated offenses under commentary note 1(B)(iii), which include the offense of "sexual abuse of a minor." 365 F.3d 877, 879-80 (10th Cir.), *cert. denied*, 543 U.S. 896 (2004). Therefore, even though the Illinois statute at issue did not include as an element the intent to use or threaten force, Mr. Serna-Gomez's conduct falls squarely under the specifically enumerated offense of "sexual abuse of a minor" under the applicable commentary note and, thus, qualifies as a "crime of violence." In addition, Mr. Serna-Gomez's attempt to qualify his offense as one involving consensual sex is an impermissible effort to reconstruct his plea after the fact. The applicable Illinois statute does not require nonconsensual sexual contact for a conviction. To require such a finding now would not only contravene that statute but require an impermissible fact-finding inquiry into a prior conviction. *See Austin*, 426 F.3d at 1280. Moreover, we have held "a conviction for sexual assault on a child constitutes a crime of violence [under § 2L1.2(b)(1)(A)(ii)] regardless of the victim's alleged consent." *Munguia-Sanchez*, 365 F.3d at 878. While Mr. Serna-Gomez relies on *Leocal v. Ashcroft* to suggest his prior offense does not constitute a "crime of violence," that case 1) involved the prior offense of driving under the influence, which is not a specifically enumerated offense under commentary note 1(B)(iii); 2) concerned negligent or accidental conduct not applicable to Mr. Serna-Gomez's offense of sexual abuse of a minor; and 3) applied different federal and state statutes which

are not at issue here.  *See generally* 543 U.S. at 4-5, 7, 9-11, 13.

Having determined Mr. Serna-Gomez's prior offense constituted a "crime of violence," we turn to Mr. Serna-Gomez's claim his seventy-month sentence is unreasonable, given the underlying crime merely involved illegal reentry and the fact he reentered the United States for the purpose of benefitting his children. Since *Booker*, we review for reasonableness the sentence imposed and have determined a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated sentencing guideline range.  *See Kristl*, 437 F.3d at 1053-54.  A defendant may rebut the presumption attached to a sentence within the guideline range by demonstrating the sentence is unreasonable when viewed against the factors delineated in 18 U.S.C. § 3553, *id.*, which include consideration of whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(A)-(C).  In addition, the sentencing guidelines advise "family ties and responsibilities ... are not relevant in determining whether a sentence should be below the applicable guideline range."  USSG § 5H1.6.  More specifically, we have determined family responsibilities are a discouraged factor in considering a downward adjustment, which the district court should consider only in the most extraordinary cases.  *See*

*United States v. McClatchey*, 316 F.3d 1122, 1130 (10th Cir. 2003).

In this case, Mr. Serna-Gomez entered the country illegally after being deported, following his guilty plea to aggravated sexual abuse of a minor — neither of which is a trifling offense. In addition, Mr. Serna-Gomez has not directed us to any fact that renders the application of the guidelines inappropriate or egregious. The fact he later married the minor victim he sexually abused does not mitigate the fact he committed the felony offense of aggravated sexual abuse of a minor, to which he pled guilty. In addition, Mr. Serna-Gomez has not shown why he should be treated differently than others who, like him, illegally reentered the country after deportation, or why his family responsibilities present an extraordinary case deserving of a downward adjustment.

Finally, regardless of whether Mr. Serna-Gomez did not understand his reentry into the United States was illegal or the consequences of his reentry, we have held "nothing more than a showing of general intent is required," and "the government need not show that [the] defendant willfully and knowingly engaged in criminal behavior, but only that the defendant's acts were willful and knowing — that [he] willfully and knowingly reentered the United States and that he did so without the Attorney General's permission." *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1165 (10th Cir. 1999) (quotation marks and citation omitted).

Given Mr. Serna-Gomez pled guilty to illegal reentry, which includes an intent to willfully and knowingly reenter the country, his argument he did not understand his reentry was criminal or involved penalties is irrelevant.

Under the circumstances presented, it was not unreasonable for the district court to determine a sentence imposed at the bottom of the applicable guideline range sufficiently reflected the factors or considerations in 18 U.S.C. § 3553, and Mr. Serna-Gomez has not otherwise demonstrated his sentence is unreasonable when viewed against these factors.

For these reasons, we **AFFIRM** Mr. Serna-Gomez's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge