FILED
United States Court of Appeals
Tenth Circuit

April 3, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PABLO CESAR MACHADO-
DELGADO,

Defendant-Appellant.

No. 06-2302

District of New Mexico

(D.C. No. 05-CR-1614-JH)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **BALDOCK** and **McCONNELL,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pablo Cesar Machado-Delgado pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a)(1) & (2). At sentencing, the district court enhanced Mr. Machado-Delgado's base offense level by 16 points

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to U.S.S.G. § 2L1.2(b)(1)(A), finding that a prior Arizona conviction for aggravated assault in 1998 was a felony and a crime of violence. The district court sentenced him to 46 months' imprisonment and two years of supervised release. On appeal, Mr. Machado-Delgado challenges the district court's application of this enhancement. Because we find that the aggravated assault was a crime of violence, we AFFIRM the district court's decision.

In 1998, Mr. Machado-Delgado was arrested when Phoenix Police Officers came to his home in response to a suspected domestic violence incident. When they arrived, a struggle ensued, and he allegedly tried to resist when an officer restrained him. He pleaded guilty to one count of aggravated assault on an Arizona peace officer, a Class 6 state felony offense. Ariz. Rev. Stat. § 13-1204(A)(5) (1998). He was sentenced to one month's imprisonment and three years of probation. He was deported to Mexico in September of 1998.

In 2005, Mr. Machado-Delgado was discovered in the United States. He pleaded guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a)(1) & (a)(2). The Presentence Investigation Report ("PSR") provided that Mr. Machado-Delgado's base offense level was eight, pursuant to § 2L1.2(a) of the United States Sentencing Guidelines. The PSR recommended a sixteen–level increase to that level, pursuant to § 2L1.2(b)(1)(A)(ii), because his prior Arizona conviction for aggravated assault was a felony and a crime of violence. After a three-level downward departure for acceptance of responsibility, the PSR arrived at a total

offense level of 21, a criminal history category of III, and a recommended Guidelines range of 46–57 months. At sentencing, the district court adopted the recommendations in the PSR and sentenced Mr. Machado-Delgado to 46 months.

Mr. Machado-Delgado filed a timely appeal, claiming that the district court erred in applying the sixteen-level upward adjustment because "he committed no violence when he assaulted an Arizona peace officer by resisting his arrest." Appellant's Brief at 7.

This argument is precluded by our Court's precedent. The sixteen-level upward adjustment for crimes of violence applies to defendants who were previously deported after "a conviction for a felony that is . . . (ii) a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A). Under the commentary to that enhancement, a "'crime of violence' means any of the following: . . . aggravated assault." § 2L1.2 n.1(B)(iii). "The offenses listed in the application note to § 2L1.2 'are always classified as crimes of violence, regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Hernandez-Castillo*, 449 F.3d 1127, 1131 (10th Cir. 2006) (quoting *United States v. Munguia-Sanchez*, 365 F.3d 877, 881 (10th Cir. 2004)) (further quotation omitted). Because Mr. Machado-Delgado was convicted of "aggravated assault" under Ariz. Rev. Stat. §13-1204, which is enumerated in the commentary's

definition of "crime of violence," his conviction qualifies for the enhancement, irrespective of whether actual force was involved.

The judgment of the district court is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge