FILED
United States Court of Appeals
Tenth Circuit

**January 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

WILLIAM F. LAFFOON,

    Petitioner - Appellant,

v.

RICK WHITTEN,

    Respondent - Appellee.

No. 23-7010
(D.C. No. 6:22-CV-00110-RAW-KEW)
(E.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Petitioner William F. Laffoon, a state inmate appearing *pro se*, requests a certificate of appealability (COA) from the district court's dismissal of his 28 U.S.C. § 2254 application as untimely. Laffoon also requests a writ of mandamus ordering the district court to rule on a Rule 60(b) Motion. For the reasons explained below, we deny Laffoon's request for a Certificate of Appealability, deny his request for writ of mandamus, and dismiss the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     Background

Laffoon lived with his wife, Deanna Merryman, in a garage apartment attached to his parents' home.  On January 29, 2010, Laffoon told Merryman that he had dreamt she had sex with his nephew, and Laffoon began to punish Merryman by beating her and holding her captive without food for several days.  Three days later, to stop the punishment, Merryman falsely admitted to Laffoon that she had sex with his nephew and fabricated details to match Laffoon's dream.  In response, Laffoon raped her anally three times and threatened that, if Merryman reported him, he would chop her into pieces with an ax and throw the pieces on her parents' driveway.  On February 1, Laffoon allowed Merryman to leave the garage with him so that they could file her tax return at H&R Block.  Once inside the H&R Block office, Merryman asked the tax preparer to call the police and told the preparer that she had been beaten and stabbed, and that she was afraid Laffoon would kill her.  When police arrived, they arrested Laffoon and found a knife in his pocket.

On May 27, 2011, the Wagoner County District Court convicted Laffoon of Domestic Abuse-Assault and Battery in violation of Okla. Stat. tit 21, § 644(C) (2009), Assault and Battery with a Dangerous Weapon in violation of Okla. Stat. tit 21, § 645 (2006), Kidnapping in violation of Okla. Stat. tit 21, § 741 (2009), and First-Degree Rape in violation of Okla. Stat. tit 21, § 1111(B) (2006).  The court sentenced Laffoon to life imprisonment without the possibility of parole.

Following his conviction, Laffoon attempted to secure relief from the judgment through state proceedings, but he was unsuccessful.  The state district court denied his

2

final post-conviction appeal on October 27, 2021.  On April 4, 2022, Laffoon filed a writ of habeas corpus with the U.S. District Court for the Eastern District of Oklahoma, arguing that under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the state lacked jurisdiction to prosecute him.

On February 7, 2023, the district court dismissed Laffoon's application as time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1).  The district court concluded that Laffoon's deadline began to run on June 28, 2013, after his conviction was affirmed by the Oklahoma Court of Criminal Appeals on March 29, 2013, and after the expiration of the 90-day period for filing a petition for writ of certiorari to the United States Supreme Court.  The court ruled that the statute of limitations had expired on September 17, 2014.[1]  Because Laffoon filed his petition for habeas corpus on April 4, 2022, the district court concluded that Laffoon's application was time-barred.  In the same order, the district court also denied a COA and separately entered judgment.  On February 8, 2023, Laffoon filed a "Motion to Vacate Void Judgment" ("Motion to Vacate").  R. at 729.

On March 1, 2023, Laffoon filed a notice of appeal and request for certificate of appealability raising three claims:  (1) "Being Held illegally without Jurisdiction on A void sentence" [sic], (2) actual innocence, and (3) extraordinary circumstances.

---

[1] The district court found that Laffoon was entitled to 81 days of statutory tolling for the 51 days during which his post-conviction application was pending in the district court plus the 30 days during which he could have properly appealed the denial of post-conviction relief.  [R. at 722].

On July 13, 2023, the district court analyzed Laffoon's Motion to Vacate as a Rule 60(b) Motion, deemed it meritless, and thus affirmed the previous dismissal pursuant to § 2244(d)(2).  On July 31, 2023, Laffoon filed in this Court a filing titled "Judicial Notice" claiming that the district court's July 13 order failed to address his motion and asking this court to order the district court to rule on his Rule 60(b) motion.  Construing Laffoon's filings liberally, we deem his "Judicial Notice" to be a request for writ of mandamus.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II.     Certificate of Appealability

To obtain a COA, Laffoon must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the district court ruled on procedural grounds, Laffoon must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [the district] court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Laffoon has not carried his burden, because reasonable jurists would not find it debatable whether the district court correctly dismissed the application as untimely.

Under 28 U.S.C. § 2244(d)(1), Laffoon had one year to file his § 2254 application, "run[ning] from the latest of" four dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Taking into consideration all applicable tolling statutes, the district court found that Laffoon's deadline for a timely § 2254 application was September 17, 2014. Laffoon did not file an application until April 4, 2022—more than seven years too late.

Laffoon contends that, under *McGirt*, the state lacked jurisdiction to prosecute him and therefore that the § 2244(d)(1) limitations period does not apply. This Court has previously construed post-*McGirt* habeas petitions that assert lack of jurisdiction to be § 2244(d)(1)(C) challenges. *See, e.g.*, *Ford v. Dowling*, No. 22-6138, 2023 WL 2641476 at *2 (10th Cir. Mar. 27, 2023) (unpublished); *Caldwell v. Dowling*, No. 22-6185, 2023 WL 2705229 at *2 (10th Cir. Mar. 30, 2023) (unpublished).[2] However, as we have previously held, "*McGirt* announced no new constitutional right," and therefore does not trigger a later starting date for habeas petitions under § 2244(d)(1)(C). *Pacheco v. Habti*, 62 F.4th 1233, 1246 (10th Cir.), *cert. denied*, 143 S. Ct. 2672 (2023). Consequently, reasonable jurists would not debate that § 2244(d)(1)(C) does not apply here.

---

[2] Although unpublished orders and opinions generally are not considered binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel, such an order or opinion may be relied on for the purpose of disposing of the issue presented if it has persuasive value with respect to a material issue in a case and would assist the court in its disposition. *See United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Nor is Laffoon entitled to equitable tolling. While this Circuit applies equitable tolling to the AEDPA one-year limitation period, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), Laffoon fails adequately to argue the necessary elements for equitable tolling. Generally, for a litigant to be entitled to equitable tolling, he must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Laffoon presents some argument regarding the second element, namely that he "has suffered extraordinary circumstances throughout his 13 years of confinement" and "has no access to law library or legal materials and struggled to get the tiny flexpen he is writing with now, in solitary confinement." Pet. Br. at 4. Even if that were sufficient to establish the second element, Laffoon does not offer any argument regarding the first element. Because Laffoon fails to argue that he was diligent in pursuing his rights, he has forfeited any claim that he is entitled to equitable tolling. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived.").

Finally, Laffoon has not shown he is entitled to tolling because he is actually innocent. A time-barred petitioner asserting a claim of actual innocence must "support his allegations of constitutional error with new reliable evidence—whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). However, Laffoon presents no new evidence to support his allegation that he is innocent

6

of the crime of which he was convicted.[3]  Accordingly, reasonable jurors could not debate that Laffoon failed to establish he is entitled to tolling of his claims.

Because reasonable jurists could not debate that Laffoon's § 2254 application was untimely, we deny a COA.

### III.    Writ of Mandamus

We construe Laffoon's filing titled "Judicial Notice" as a request for a writ of mandamus pursuant to 28 U.S.C. § 1361.  "Mandamus is a drastic remedy, available only in extraordinary circumstances."  *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted).  Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  To be eligible for such relief, a petitioner must establish "(1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy."  *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005).

Laffoon has failed to establish that he has a clear right to mandamus relief.  In his request, Laffoon states:  "it was the petitioners [sic] 60(b)(4) motion that was ruled on in this instant case the Petitioner requests that this Honorable court order the United States District Court for the Eastern District of Oklahoma to rule on the Petitioners Motion to

---

[3] Laffoon's only assertion of actual innocence in his appeal is:  "The petitioner is innocent of count 3 and 4."  Pet. Br. at 4.  *See Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) ("An actual innocence claim must be based on more than the petitioner's speculations and conjectures.").

Vacate void judgment." Judicial Notice at 1. However, the district court indeed ruled on his filing titled "Motion to Vacate Void Judgment." In the district court's July 13, 2023, opinion and order, the court construed Laffoon's motion as a Rule 60(b)(4) Motion and analyzed it as such. R. at 749–50. In its order, the district court ruled that there is no mootness exception to the one-year statute of limitations under 28 U.S.C. § 2244(d), and therefore that Laffoon's motion was meritless, and thus affirmed the dismissal. R. at 751. Because the district court has adequately ruled on Laffoon's motion, he has already received the relief he seeks. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1187 (10th Cir. 2009) ("[T]he party seeking issuance of the writ must have no other adequate means to attain the relief he desires . . . ."). Thus, his request is moot.[4] His request for writ of mandamus, titled "Judicial Notice," is therefore denied.

## IV.    Conclusion

For these reasons, we DENY the request for a Certificate of Appealability, DENY the request for writ of mandamus, and DISMISS this matter.

Entered for the Court

Allison H. Eid
Circuit Judge

---

[4] Laffoon's "Judicial Notice" could also be construed as an amended notice of appeal, expanding the scope of this appeal to include both (1) the district court's February 7, 2023, judgment and (2) the district court's ruling on his post-judgment motion. Even construed as such, we would reach the same result on his amended notice: it is moot. *See Valentine v. PNC Fin. Servs. Grp., Inc.*, 820 F. App'x. 722, 727 (10th Cir. 2020) (dismissing an amended notice of appeal as moot because the district court adjudicated the underlying appeal).

8